*THE HONORABLE MARSHA J. PECHMAN*
*CHIEF JUDGE*

*MICHAEL C. ORMSBY*
United States Attorney (EDWA)
*Timothy M. Durkin*
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IGNACIO LANUZA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN LOVE, and<br>UNITED STATES OF AMERICA,<br><br>Defendants. | NO. CV-14-1641-MJP<br><br>**UNITED STATES MOTION AND MEMO FOR RULE 12(b) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**<br><br>*Hearing: January 16, 2015* |

Defendant United States, through its counsel Michael C. Ormsby, U.S. Attorney for the Eastern District of Washington, and the undersigned Assistant U.S. Attorney and Special Counsel to the U.S. Attorney General, submits the following motion and memorandum in support of its Rule 12(b) Motion to Dismiss for lack of jurisdiction and failure to state a cognizable claim under the Federal Tort Claims Act.

## I.   FACTS ALLEGED

The Plaintiff, IGNACIO LANUZA, is a Mexican citizen who entered the United States without inspection in 1996. *ECF 1:4*. On January 13, 2000, United States Border Patrol (USBP) agents arrested Plaintiff near Nogales, Arizona and voluntarily returned him to Mexico. During his January 13, 2000, arrest and voluntary return, Plaintiff later admitted to signing a voluntary return form ("1-826") as directed by an

Motion and Memo in Support of Rule 12 Dismissal
Page 1

immigration official, but Plaintiff Lanuza claimed that the official did not "explain everything in detail." *ECF 1, Ex. D at 65*.

On June 25, 2008, ICE Immigration Enforcement Agent ("lEA") Anthony Dodd encountered Plaintiff at the King County Jail, where he was being held on obstruction and firearms charges. *Id. at 4 (¶ 13)*. Plaintiff was later convicted in state court of unlawful display of a weapon in violation of RCW 9.41.270. ICE took custody of Plaintiff upon his release from local custody on June 30, 2008. *Id. at 4 (¶ 14)*. Lanuza posted an immigration bond on July 17, 2008, and he remained out of ICE custody for the remainder of his removal proceedings. *ECF 1:4*.

On May 11, 2009, Assistant Chief Counsel Jonathon Love, who was prosecuting Lanuza on behalf of the Department of Homeland Security ("DHS"), introduced into evidence the I-826 form that was purportedly signed by Plaintiff on January 13, 2000. *ECF 1:4 and Ex. C*. The I-826 form was used to establish Lanuza's own admitted absence from the U.S. in 1999 and 2000, thereby making Lanuza ineligible for cancellation of removal, which a discretionary form of immigration relief for aliens who are subject to removal but have deep ties to the United States. *ECF 1:6; See also* 8 U.S.C. § 1229b(d); *see also Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008). Immigration Judge ("IJ") Kenneth Josephson, Plaintiff's immigration attorneys, and Plaintiff accepted the proffered I-826 form without question.

The IJ granted Plaintiff's immigration attorney an opportunity to file a written motion arguing that Lanuza was eligible for relief from removal. *ECF 1, Ex. F*. After considering Lanuza's motion for cancellation of removal, the IJ found he was ineligible for the discretionary relief. *Id.* The Board of Immigration Appeals ("BIA") upheld the IJ's removal order on November 15, 2011. *ECF 1, Ex. I*.

Plaintiff's immigration attorney, Hilary Han, discovered the forged I-826 sometime between December 13 and December 29, 2011, when he was reviewing the ICE's case file. *ECF 1, ¶ 43*. Based on the belief that the subject I-826 was falsified,

Motion and Memo in Support of Rule 12 Dismissal
Page 2

Mr. Han ordered a forensic evaluation. *ECF 1, ¶ 44*. The forensic report, dated February 1, 2012, provided to the Plaintiff Lanuza and his legal representatives stated that the I-826 document that Mr. Love submitted in connection with his prosecution of the Plaintiff for removal from the United States was a forgery. *ECF 1, Ex. J*. Ten days later, on February 11, 2012, Mr. Han, on behalf of the Plaintiff, filed a motion to reopen Plaintiff's removal proceedings, arguing that the removal was based on a forged document submitted by Mr. Love. *ECF 1, ¶ 45*.

The BIA granted Plaintiff's motion to reopen, and remanded the case to the IJ for further proceedings. On remand, Plaintiff again sought relief through cancellation of removal and adjustment to his non-resident status. *ECF 1, Ex. L at 129*. ICE Prosecutor Mr. Love did not contest Plaintiff's eligibility for cancellation of removal or his request for adjustment of status. Based on Lanuza's application and ICE Prosecutor Love's failure to object to the Plaintiff Lanuza's admission of absence from the United States, the IJ granted Plaintiff Lanuza's request for cancellation of removal on January 9, 2014. *ECF 1, Ex. M*.

On or about February 13, 2014, Plaintiff submitted an administrative tort claim with ICE seeking $500,000 in damages. *ECF 1, ¶ 5*. Plaintiff's claim was denied by ICE on or about August 11, 2014, and this civil suit followed. *ECF 1, ¶ 6*.

## II.   LAW & ARGUMENT

### A.   Rule 12(b)(1) and (h) Dismissal Standards.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction and is derived from the case or controversy clause of Article III of the U.S. Constitution. Federal courts are limited in jurisdiction and it is presumed that a case lies outside the jurisdiction of the federal courts unless Plaintiff clearly establishes otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F .2d 1221 (9th Cir. 1993); *Thornhill Publishing Co. v. General Telephone & Electronics*

*Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "'Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (*quoting Rattlesnake Coal v. E.P.A.*, 509 F.3d 1095, 1102 n. 2 (9th Cir. 2007)).

In its Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the United States submits that Plaintiff's Complaint and factual elements are both "facially" and "factually" deficient. A "factual attack" takes issue with the sufficiency of jurisdiction allegations in Plaintiff's Complaint and a "factual attack" takes issue with jurisdiction on a factual basis. *See Thornhill Publishing Co., id.* at 730, 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In reviewing the United States' facial attack, the Court must consider the factual allegations of Plaintiff's Complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981); *Mortensen*, 549 F.2d at 891. However, a court does not assume the truth of legal conclusions in a pleading merely because they are cast in the form of factual allegations. *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

In addressing the United States' Rule 12(b)(1) factual attack, however, there is no presumption of truthfulness in the Plaintiff's allegations and the burden remains on the Plaintiff to clearly establish the court's jurisdiction. *See Thornhill Publishing Co., Inc. v. General Telephone and Elec. Corp.*, *id.* Further, in addressing a factual attack motion on jurisdiction the Court is not restricted to the face of the pleadings. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947), overruled on other grounds by *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). Rather, the court may consider declarations or other evidence to resolve factual questions bearing on the jurisdictional issue without converting the motion into a motion for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (*citing Land*, 330 U.S. at 735 n.4; *Biotics*

Motion and Memo in Support of Rule 12 Dismissal
Page 4

*Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into one for summary judgment)); *Thornhill*, 594 F.2d at 733 ("no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.") (quoting *Mortensen*, 549 F.2d at 891). The burden is not on the United States to disprove jurisdiction, rather it remains always the Plaintiff's burden to prove that "jurisdiction does in fact exist." *Mortensen*, *id.*; see also *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) (The court presumes a lack of jurisdiction until the party asserting jurisdiction competently proves otherwise.).

Similarly, Rule 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As this court is aware, an action can only be brought against the United States to the extent that the Federal Government waives its sovereign immunity - *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) - and where there is no waiver of sovereign immunity, it is appropriate for the Court to dismiss an action for lack of subject matter jurisdiction. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Here, Plaintiff's complaint must be dismissed for the absence of jurisdiction. *Id.*

**B.     Rule 12(b)(6) and 8(a) Dismissal Standards.**

A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations to establish jurisdiction, Rules 8 and 12 demand more than "labels and conclusions" or even a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to

Motion and Memo in Support of Rule 12 Dismissal
Page 5

dismiss under Rules 8 and 12, a complaint must facially "contain[ ] enough facts" to properly state jurisdiction and a claim for relief. *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The presumption is that a federal court does not have jurisdiction in a particular case unless it is affirmatively demonstrated otherwise in the complaint. *Fifty Assocs. V. Prudential Ins. Co.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see also CNA v. United States*, 535 F.3d 132, 140, 146-50 (3rd Cir. 2008) (whether a government employee was acting "within the scope of his office or employment" is jurisdictional because it is included in the section granting jurisdiction over FTCA claims) (citing *Sheridan v. U.S.*, 487 U.S. 392, 397-41 (1988)); *Bell Atlantic v. Twombly,* 550 U.S.544 (2007) (to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (Complaint's conclusory allegations insufficient to withstand motion to dismiss). Since Plaintiff's Complaint does not facially articulate required jurisdictional facts, it must be dismissed under Rules 12(b)(1) (facial attack), (b)(6), and 8(a).

C.   **Sovereign Immunity of the United States.**

Federal courts are courts of limited jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). As such, federal courts are empowered to hear only those cases that are authorized by the U.S. Constitution and statutes enacted by Congress. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Because of these limitations, *the party initiating a suit in federal court must affirmatively allege facts in the complaint to show that the federal court has jurisdiction to hear the case*. *Fifty Assocs. V. Prudential Ins. Co.*, 446 F.2d 1187, 1189 (9th Cir. 1970) (emphasis added). The presumption is that a federal court does not

have jurisdiction in a particular case unless it is affirmatively demonstrated in the complaint. *Id.* at 1190.

Federal Courts generally lack the authority to consider and grant relief against the United States unless Congress explicitly waives sovereign immunity. It is well settled that "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued[.]'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941)). When the United States has consented to suit in certain matters, the court's jurisdiction to entertain the suit is defined by the terms of the United States' consent. *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 342 (6th Cir. 1984) (*quoting Sherwood*, 312 U.S. at 586). Congress provided just such a limited waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA") for any claim founded on negligence of an employee of the United States that is acting within the scope of her/his employment. 28 U.S.C. §§ 2671, 2674; *United States v. Orleans*, 425 U.S. 807, 813 (1976).

However, "[a] waiver of sovereign immunity by the United States must be strictly construed and may not be extended by implication." *Comes Flying v. United States through Bureau of Indian Affairs*, 830 F. Supp. 529, 530 (D.S.D. 1993) (*citing United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992)). "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (internal punctuation omitted) (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* at 94 (*quoting Ex parte McCardle*, 74 U.S. 506, 514, 7 Wall. 506, 514 (1868)).

As described below, the United States' waiver of sovereign immunity in this instance is limited and, based on the claims and conduct involved, the United States has not waived sovereign immunity under the circumstances set forth in Plaintiff's Complaint. Therefore, the United States respectfully submits that subject matter jurisdiction is missing and that dismissal is appropriate.

### D. Failure to Comply with FTCA Claim Filing Limitation Denies Jurisdiction over Plaintiff's FTCA Claims.

An injured party must present an administration tort claim to the government within two years after his claim accrues. 28 U.S.C. §§ 2401(b) and 2675(a). A claim accrues under the FTCA when a person knows or has reason to know of the injury forming the basis of the action. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008).

#### 1. Accrual of Claim Began When Mr. Love Submitted Altered Document in 2009.

Plaintiff alleges that on May 11, 2009, Mr. Love submitted manufactured evidence, a falsified I-826, in a motion to the IJ. *ECF 1, ¶ 27*. Neither Plaintiff nor his IJ counsel contested the I-826 form submitted by Mr. Love, even though the Plaintiff alleges that alterations were "readily apparent given that the I-826…is a DHS form." *ECF 1, ¶ 56*. Thus, the alleged harm occurred at the submission of the altered document on May 11, 209, and the FTCA two-year limitation expired on May 10, 2011, well before Plaintiff's counsel's FTCA filing on February 13, 2014, thus requiring dismissal of all of Plaintiff's FTCA claims. *Hensley, id.*

#### 2. Plaintiff had Notice of Alleged Alterations in 2011 and Actual Knowledge by no later than February 1, 2012.

Plaintiff's immigration attorney, Hilary Han, discovered the falsified January 2000 executed I-826 Form sometime between December 13 and December 29, 2011, while inspecting ICE files on the Plaintiff. *ECF 1, ¶ 43*. With notice of the falsified

form, Mr. Han ordered a forensic evaluation of the I-826 and a forensic report was generated to Plaintiff and his counsel on February 1, 2012. This report clearly stated that the I-826 Form submitted by ICE Prosecutor Love was a forgery. *ECF 1, ¶ 44*. Ten days later, on February 11, 2012, with full knowledge of the alleged falsified I-826 Form, Mr. Han filed a motion with the BIA to reopen Plaintiff's removal proceedings, specifically arguing that the removal proceeding was based on the forged ICE document submitted by Mr. Love. *ECF 1, ¶ 45*.

Thus, at the very latest, Plaintiff and his counsel knew that the I-826 form was altered by February 1, 2012. Yet, Plaintiff did not file his FTCA tort claim with ICE until on or about February 13, 2014. Thus, Plaintiff's FTCA claims, by his own admissions and allegations in his Complaint, are timed barred by the FTCA's two year statute of limitations. *See* 28 U.S.C. §§ 2401(b) and 2675(a); *Hensley, id.*

### 3. Equitable Tolling Inapplicable Where Plaintiff Represented by Counsel and Not Prevented from Asserting Claim.

Presently, in the Ninth Circuit, the FTCA's two year statute of limitation may be subject to equitable tolling. In *Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc), cert. granted, 134 S.Ct. 2873 (June 30, 2014), the Ninth Circuit held equitable tolling could be applied to the FTCA's six month statute of limitation for filing suit following the United States' denial of the administrative claim. Shortly thereafter, in *June v. United States*, 550 Fed. Appx. 505 (9th Cir. 2013), cert. granted, 134 S.Ct. 2873 (June 30, 2014), the Ninth Circuit applied *Wong* to the FTCA's two year statute of limitation.[1]

---

[1] Notably, both *Wong* and *June* have been accepted for review by the U.S. Supreme Court, with the Solicitor General for the United States arguing that Congress's FTCA's statute of limitations is jurisdictional and is not subject to equitable tolling. Oral argument before the Supreme Court was held on December 10, 2014.

Motion and Memo in Support of Rule 12 Dismissal
Page 9

To equitably toll a claim, however, the Plaintiff must clearly establish that: (1) he has been diligently pursuing his rights, <u>and</u> (2) that some extraordinary circumstances stood in his way or prevented him from timely filing his FTCA claim. *Wong*, 732 F.3d at 1052.  Extraordinary circumstances can include being unable to obtain vital information bearing on the existence of the claim or having been induced or tricked by the Government's misconduct into allowing the filing deadline to pass. *Hensely*, 531 F.3d at l057-58 (internal quotations and citations omitted).  However, equitable tolling is not available when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights or to avoid the consequence of one's own in advertence, miscalculation (i.e., calculating the wrong statute of limitations date) or error of law.  *Id.* at l058.

In this case, Plaintiff was represented by counsel throughout his immigration court proceedings and there is nothing to suggest that he was misled by ICE or that any circumstances prevented him from timely filing an administrative tort claim prior to claim filing expiration date of February 13, 2014.  Importantly, Plaintiff was represented by counsel when he discovered the forgery and thereafter pursued his immigration remedies during the two years after the forgery was discovered.  *ECF 1*.

**4.    Due to FTCA's Claim Filing Limitation, Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted.**

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons discussed below, the Plaintiff's allegations and claims are excluded by the FTCA's two year statute of limitations.  28 U.S.C. §2401(b).  Not only does the FTCA statute of limitations undermine subject matter jurisdiction by placing the claims outside of the waiver of sovereign immunity, it also acts as a complete bar to all untimely tort claims against the United States.  *Id.*

### E. Plaintiff has not Stated FTCA Claim for Relief Can Be Granted

### 1. Malicious Prosecution - Abuse of Process Claims not Cognizable.

The FTCA specifically excludes Plaintiffs claims of malicious prosecution and abuse of process unless those claims are based on actions by an "investigative or law enforcement officer." 28 U.S.C. § 2680(h). An investigative or law enforcement officer is defined as a federal employee "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*. Additionally, the FTCA specifically excludes tort claims based on misrepresentation and deceit. *See* 28 U.S.C. § 2680(h); *see also United States v. Neustadt*, 366 U.S. 696, 704 (1961) (stating that the misrepresentation exclusion covers both intentional and negligent misrepresentation).

Further, the FTCA does not apply to claims of abuse of process or malicious prosecution by employees who "act" like investigative or law enforcement officers. *See Millbrook v. United States*, 133 S.Ct. 1441, 1445 (2013) (plain text of 2680(h) "confirms that Congress intended immunity determinations to depend on a federal officer's legal authority, not on a particular exercise of that authority"). Plaintiff's Complaint fails to identify any ICE or DHS investigative or law enforcement officer involved in the production or introduction of the forged I-826 Form into the IJ proceedings. According to the complaint, Mr. Love "acted as an investigative or law enforcement officer in knowingly manufacturing evidence." ECF 1, ¶ 105 (emphasis added). However, even assuming *arguendo* that Mr. Love was acting within his scope of employment by allegedly fabricating the forged I-826 form, he still does not qualify as an investigative or law enforcement officer under the FTCA. *See* 8 C.F.R. § 287.5(c) (enumerating ICE employees given arrest authority for immigration violations, which does not include Assistant Chief Counsel (ACC)).

Motion and Memo in Support of Rule 12 Dismissal
Page 11

ICE attorneys are not law enforcement officials under the FTCA and any claims of abuse of process or malicious prosecution arising out of the actions of an ICE attorney are barred by 28 U.S.C. § 2680(h).  *See Cao v. United States*, 156 Fed.Appx. 48, 49-50 (9th Cir. 2005) (dismissing false imprisonment claims because INS attorneys and immigration judges are not law enforcement officers under the FTCA); *Gonzalez v. United States*, 2013 WL 942363, *5 (C.D. Cal. Mar. 11, 2013) (dismissing intentional tort claims because complaint only addressed actions of ICE attorneys and immigration judge); and *Sims v. United States*, 2008 WL 4813827, * 5 (E.D. Cal. Oct. 29, 2008) (dismissing malicious prosecution claim because plaintiff's allegations only concerned the action of ICE attorneys, immigration judges, and the Board of Immigration Appeals-all of whom are not law enforcement officers under the FTCA). Thus, Plaintiff's claims of malicious prosecution and abuse of process must fail because the United States has not waived its sovereign immunity for claims for employees who "act" like law enforcement officers.  Thus, there is no jurisdiction over Plaintiff's claims for malicious prosecution or abuse of process.  *Id.*

      **2.**      **Claims for Intentional and Negligent Infliction of Emotional Distress, and Negligence not Cognizable.**

Plaintiff's remaining claims involve allegations of intentional infliction of emotional distress ("IIED") (Third Claim), negligent infliction of emotional distress ("NIED") (Sixth Claim), and a claim of mere negligence for Mr. Love allegedly failing to reasonably recognize that the I-826 Form was a forgery (Fifth Claim).  *ECF 1:17, 19-20*.  These tort claims are based entirely on the alleged "representations to the [Immigration] Court that the disqualifying evidence existed, and then later the [introduction] into evidence [of] the forged Form I-826 during those court proceedings." *ECF 1, ¶ 10*.  The alleged false representations to the IC by Mr. Love about the existence of the January 13, 2000, I-826 Form signed by the Plaintiff clearly fall into the FTCA's exclusion of any tort claims based on misrepresentation and

deceit. *See* 28 U.S.C. § 2680(h).  The FTCA's misrepresentation and deceit exception deprives courts of jurisdiction over tort claims based on plaintiff's alleged reliance on governmental misinformation or the failure to communicate correct information. *United States v. Neustadt*, 366 U.S. 696, 705-706 (1961); *Block v. Neal*, 460 U.S. 289, 297 (1983).  This exception encompasses negligent as well as deliberate misrepresentation - *Neustadt*, 366 U.S. at 702, 704 – and applies equally to affirmative as well as implied misstatements or negligent omissions.  *Green v. United States*, 629 F.2d 581, 584 (9th Cir.1980).

Plaintiff's allegations of emotional distress are predicated solely on Mr. Love's alleged creation and submission of the forged document. *ECF 1, ¶ 98*.  This claim, like the alternative claims of NIED and negligence that are based on the legal duty of candor and authenticity to the immigration court, are essentially claims of deceit or fraud, which are barred by 28 U.S.C. § 2680(h).  Thus, Plaintiff cannot avoid § 2680(h)'s prohibition on claims of misrepresentation by his labeling of the claimed misconduct as an allowable tort of NIED or mere negligence. *See Snow-Erlin*, 470 F.3d at 808.

Therefore, Plaintiff has failed to both a) properly allege subject matter jurisdiction in the Complaint; and b) factually establish that this Court has jurisdiction over Plaintiff's FTCA claims.  Thus, Plaintiff's FTCA claims must be dismissed. *See Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

//

//

//

//

### III.   CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to dismiss the Plaintiff's action against the United States due to the absence of jurisdiction and the failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 23rd day of December, 2014.

```
                              MICHAEL C. ORMSBY
                              UNITED STATES ATTORNEY

                              s/ Tim M. Durkin
                              Timothy M. Durkin
                              Special Counsel to U.S. Attorney General
                              Assistant U.S. Attorney
                              Attorneys for the United States
```

### *Certificate of ECF Service*

I hereby certify that on the date that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System that the Court's ECF system will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

*Counsel for the Plaintiff Ignacio Lanuza*:
Matt Adams, matt@nwirp.org;
Glenda M. Aldana Madrid, glenda@nwirp.org;
Christopher Schenck, cschenck@kilpatricktownsend.com;
Stephanie Martinez, smartinez@kilpatricktownsend.com
Dario A Machleidt, dmachleidt@kilpatricktownsend.com

*Counsel for Co-Defendant Jonathon Love:*
Thomas M. Brennan, tmb@mckay-chadwell.com;
Donald Jack Guthrie, djg@mckay-chadwell.com;

And to the following non-ECF party:  N/A

```
                              s/ Tim M. Durkin
                              Timothy M. Durkin, AUSA
                              Attorneys for United States
```