THE HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IGNACIO LANUZA,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.<br><br>  Defendants. | Civil Action No. 2:14-cv-01641-MJP<br><br>**DECLARATION OF IGNACIO LANUZA IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**<br><br>NOTE ON MOTION CALENDAR:<br>January 16, 2015 |

I, Ignacio Lanuza, declare as follows:

1. I am the Plaintiff in this action. The matters contained in this Declaration are of my personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I am a Mexican citizen, and first entered the United States in 1996. I have been continuously living in the United States since then.

3. I have established a life in the United States, and I consider the United States my home.

4. I met my wife, Nancy Estrada, in 2005. We got married on May 3, 2009. We have



LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 1
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

two children, Jaime and Isaiah. Jaime was born on November 1, 2002, and Isaiah was born on December 7, 2009.

5. My wife, Nancy, is originally from Honduras. She moved to the United States when she was eight years old.

6. I met Nancy when Jaime was still a toddler. Nancy was working and going to school. We began dating shortly after we met. Throughout our relationship, I supported Nancy and Jaime both emotionally and financially. I taught Nancy how to drive, how to cook, and how to be a family. I supported Nancy going to school to get an associate's degree in early childhood education. We continued to grow our family by getting married, and having our son, Isaiah, together.

7. I have continuously worked at various jobs, and have worked in construction for nearly a decade. I am currently the foreman at the site where we are working.

8. In June of 2008, I was arrested for unlawful possession of a firearm. I had been at a friend's house, and we were all sitting around in his garage listening to music when he pulled out his pistol to show the group. The pistol was passed around and I was holding it when the police entered—it seems a neighbor called the police because the music was too loud. Since I was holding his gun when they came in, I was arrested and went to jail. It was there, on June 25, 2008, that I was approached by Officer Anthony Dodd. I told him that I was not authorized to be in the United States.

9. Immigration transferred me from King County Jail to the Northwest Detention Center and I was placed in removal proceedings starting on July 3, 2008. At this time, I was faced with deportation back to Mexico.

10. I hired an attorney, Glen Prior, who explained that I was eligible to apply for lawful permanent residence. I was released on bond on or about July 17, 2008, and my case was transferred to the Seattle Immigration Court.

11. I was very surprised to learn that the government said I already had a chance to see an immigration judge back in 2000. I had been stopped by a Border Patrol officer and he had me



LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 2
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

sign a paper, but he never explained to me that I could go in front of a judge to see if I qualified to stay in the United States. My lawyer explained that because of this, the government was saying I no longer qualified to apply to become a lawful permanent resident.

12. I went through years of removal proceedings. I continuously maintained that I had never been given the opportunity to appear in front of an immigration judge in 2000. I continued to seek legal counsel even after my lawyer died, and continued to fight to stay in the United States with my family. I hired a new attorney to represent me before the immigration court.

13. After the Immigration Judge ordered me deported in January of 2010, I knew I had to keep fighting to keep my family together. I hired the attorney to file an appeal of the Immigration Judge's decision.

14. Being in removal proceedings took a great toll on me and my family. I was afraid that if I was forced to return to Mexico, my family would suffer significant hardship. I would fear for their safety in Mexico, and it would be tremendously difficult for us to start a new life there.

15. During this ordeal, Nancy, Jaime, and I all sought therapy to deal with the stress and frustration we were feeling.

16. Nancy suffered greatly when I was in removal proceedings. She experienced nightmares, tearfulness, insomnia, and a loss of appetite. She also lost a lot of weight – almost thirty pounds.

17. Nancy did not want to move to Mexico, as she was afraid to live there. There is a great deal of violence in Mexico, and it would not be safe for my wife and children. My wife and children had also never lived in Mexico, and we feared the change in lifestyle would be traumatic for all of them. This process put our family through a lot of strain and heartache that we are still dealing with.

18. I was also afraid of being deported back to Mexico. I was afraid of being separated from my family. The thought of not be able to raise my sons was heartbreaking. This threat of possible indefinite separation loomed over us during those five years.

19. Being deported back to Mexico would shatter the life I had worked hard to build in

LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 3
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

the United States. I was afraid to lose everything I had established here in the United States, including my family and my career.

20.     The court denied my appeal on November 15, 2011. After I lost the appeal, I was very depressed. I knew that I was days away from losing my family, my community, my career, and my home. Then a friend told me about an attorney who had helped him in a really tough spot, so I went to see this attorney, Hilary Han.

21.     Mr. Han explained that we could file another appeal before another court. He thought that I still had a chance so I decided to hire him. After he began working on my appeal, Mr. Han discovered that the government had manufactured evidence in my case. I was very upset that the government would falsify forms to deport me, and separate me from my family.

22.     At that time, while I felt harmed by the government for falsifying evidence, I felt I first had to ensure I would not be deported back to Mexico. Staying with my family was my priority. The threat of deportation was still very real, and continued to negatively affect us.

23.     My attorney explained that the case would be complicated: he first had to get the new court to suspend the order of deportation against me so that I was not taken to Mexico during the rest of the appeal. He then had to get my case reopened by the first court that denied my appeal.

24.     That court eventually reopened my case and then sent it back to the Immigration Judge. But it was not until January 9, 2014, when Immigration Judge Josephson granted my application for cancellation of removal, and adjusted my status to lawful resident, that the threat of deportation lifted. It was a great relief for me and my family. It was as if we had been holding our breath for all those years, living in constant fear of being separated—of not knowing what our future would be—and we could finally breathe again.

25.     Even though the Immigration Judge granted my application and I became a lawful resident, I still felt very wronged by Defendant Love and the United States. I wanted to bring this lawsuit to remedy those five years of harm that Defendant Love and the United States had caused me and my loved ones.

26.     I do not feel I could have brought a lawsuit while I was still in removal proceedings.

LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 4
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

I was afraid of being deported and being separated from my family and my home, and I did not want to hurt my chances of being able to stay in the United States. I was afraid that if I took any action to defend my rights, that the government might do something else to harm my case. They had already almost gotten me deported by using false papers. I did not know what else they might do.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 9 day of January, 2015 in Seattle, Washington.

*Ignacio L.*
Ignacio Lanuza

LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 5
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

## CERTIFICATE OF INTERPRETATION

I, Glenda M. Aldana Madrid, hereby certify that I interpreted the attached declaration into Spanish and read it to the declarant who indicated that he understood it and agreed to its contents. I further certify that I am competent in both English and Spanish to render and certify such interpretation.

DATED this 9th day of January, 2015.

Glenda M. Aldana Madrid
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel: (206) 957-8646
glenda@nwirp.org



LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 6
CASE NO. 2:14-CV-01641-MJP

KILPATRICK TOWNSEND & STOCKTON LLP
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **DECLARATION OF IGNACIO LANUZA IN SUPPORT OF PLAINTIFF IGNACIO LANUZA'S RESPONSE IN OPPOSITION TO DEFENDANT UNITED STATE OF AMERICA'S MOTION AND MEMO FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM** via the Court's CM/ECF system on January 12, 2015.

| | |
|---|---|
| **MCKAY CHADWELL, PLLC** | **UNITED STATES ATTORNEY'S OFFICE** |
| Donald Guthrie<br>djg@mckay-chadwell.com<br>Thomas Matthew Brennan<br>tmb@mckay-chadwell.com<br>600 University Street, Suite 1601<br>Seattle, WA 98101<br>Tel: (206) 233-2800 | Timothy M. Durkin<br>Assistant United States Attorney<br>tim.durkin@usdoj.gov<br>Eastern District of Washington<br>P.O. Box 1494<br>920 W. Riverside, Suite 340<br>Spokane, WA 99210<br>Tel: (509) 353-2767 |
| *Counsel for Defendant*<br>*Jonathan M. Love* | *Counsel for Defendant*<br>*United States of America* |

DATED: January 12, 2015        By:   *s/Christopher Schenck*
                                                  Christopher Schenck



LANUZA DECL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION FOR RULE 12(B) DISMISSAL FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM - 4
CASE NO. 2:14-CV-01641-MJP

**KILPATRICK TOWNSEND & STOCKTON LLP**
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600