UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IGNACIO LANUZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN M. LOVE, et al.<br><br>　　　　Defendants. | CASE NO. C14-1641 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(B) |

THIS MATTER comes before the Court on Plaintiff Ignacio Lanuza's Motion for Entry of Final Judgment Pursuant to Rule 54(b). Having reviewed the motion, Defendants' responses, (Dkt. Nos. 39, 40), and the balance of the record, the Court hereby GRANTS Plaintiff's motion.

**Background**

Mr. Lanuza commenced this action on October 23, 2014 against Defendant Jonathan M. Love and Defendant United States. (Dkt. No. 1.) Both Defendants moved to dismiss Mr. Lanuza's complaint. (Dkt. Nos. 9, 14.) On March 20, 2015, the Court entered an Order granting Defendant Love's motion to dismiss and granting in part and denying in part Defendant United States' motion to dismiss. (Dkt. No. 35.) The Court granted Defendant Love's motion to

dismiss on the grounds that the Ninth Circuit's opinion in <u>Mirmehdi v. United States</u>, 689 F.3d 975, 981 (9th Cir. 2011), foreclosed a <u>Bivens</u> remedy in this case. (<u>Id.</u> at 6–9.)

Mr. Lanuza now moves the Court to enter final judgment on his claim against Defendant Love pursuant to Federal Rule of Civil Procedure 54(b) so that he can appeal the Court's dismissal of that claim. (Dkt. No. 38.) Defendant Love and Defendant United States have filed responses to Mr. Lanuza's motion in which they indicate that they do not oppose the motion. (Dkt. Nos. 39, 40.)

### Discussion/Analysis

**A. Legal Standard**

Federal Rule of Civil Procedure 54, subsection (b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Once final judgment is entered, that judgment becomes immediately appealable under 28 U.S.C. § 1291. To determine whether Rule 54(b) certification is appropriate, the Court must "first determine that it is dealing with a final judgment." <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7 (1980) (quotations omitted). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" <u>Id.</u> (citations omitted). "Once having found finality, the district court must go on to determine whether there is any just reason for delay." <u>Id.</u> at 8.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments" the Court "must take into account judicial administrative interests as well as the

ENTRY OF FINAL JUDGMENT PURSUANT TO
RULE 54(B)- 2

1 equities involved." Id.  It is proper for the Court to consider factors such as "whether the claims
2 under review were separable from the others remaining to be adjudicated and whether the nature
3 of the claims already determined was such that no appellate court would have to decide the same
4 issues more than once even if there were subsequent appeals." Id.

5 **B. Final Judgment Against Defendant Love**

6 Mr. Lanuza argues it is appropriate for the Court to enter final judgment on his claim
7 against Defendant Love pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 38 at 2–7.)
8 The Court agrees with Mr. Lanuza.

9 First, the Court's Order granting Defendant Love's motion to dismiss disposed of all
10 claims against him. (Dkt. No. 35 at 6–9.)  Therefore, the Court's Order was an "ultimate
11 disposition" as to all claims against one of the Defendants in this matter and constitutes a "final
12 judgment." Curtiss-Wright Corp., 446 U.S. at 7.  Second, there is no just reason to delay appeal
13 of Defendant Love's dismissal from this case. Id. at 8.  Judicial administrative interests weigh in
14 favor of entering final judgment against Defendant Love.   It is true that the Mr. Lanuza's claim
15 against Defendant Love arises from the same set of facts as his claim against Defendant United
16 States.  However, the main claim Mr. Lanuza seeks to appeal is factually and legally separate
17 from his malicious prosecution claim against Defendant United States under the Federal Tort
18 Claims Act ("FTCA").

19 Mr. Lanuza's appeal would focus on whether the Ninth Circuit's opinion in Mirmehdi
20 forecloses a Bivens remedy in this case.  This analysis would require an inquiry into the context
21 of the alleged constitutional violation, whether there are any alternative processes in place to
22 protect Mr. Lanuza's interests, and whether there are any factors that "counsel[] hesitation" in
23 allowing a Bivens remedy to lie in this case. (See Dkt. No. 35 at 6–7) (outlining factors for
24

ORDER GRANTING PLAINTIFF'S MOTION FOR
ENTRY OF FINAL JUDGMENT PURSUANT TO
RULE 54(B)- 3

1 determining propriety of <u>Bivens</u> remedy in a case).  This analysis is not relevant to Mr. Lanuza's

2 malicious prosecution claim against Defendant United States, which, instead, turns on an

3 analysis of the identity, authority, and intent of those involved in creating and presenting the

4 allegedly forged Form I–826 during Mr. Lanuza's immigration proceedings.  (<u>See</u> Dkt. No. 35 at

5 13.)

6      Likewise, the remaining arguments Defendant Love raised in his motion to dismiss

7 (qualified immunity, the specificity of Mr. Lanuza's claims, and statute of limitations) are

8 separable from Mr. Lanuza's malicious prosecution claim against Defendant United States.  (<u>See</u>

9 Dkt. No. 9.)  While it is true that both Defendants raised statute of limitations arguments in their

10 respective motions to dismiss, (Dkt. Nos. 9, 14), these arguments are distinct because both

11 Defendants argue different accrual dates apply to Mr. Lanuza's claims.  Therefore, granting Mr.

12 Lanuza's motion does not create the risk of parallel arguments before this Court and the Ninth

13 Circuit on identical issues.  And, in the event subsequent appeals are taken, the Ninth Circuit

14 would not be required to resolve the same issues that it would be required to resolve if Mr.

15 Lanuza appeals the Court's Order dismissing his claim against Defendant Love.

16      Finally, the equities weigh in favor of entering final judgment against Defendant Love.

17 First, Defendant Love and Defendant United States do not oppose Mr. Lanuza's motion.  (Dkt.

18 Nos. 39, 40.)  Second, as stated in the Court's Order granting Defendant Love's motion to

19 dismiss, (Dkt. No. 35 at 9), dismissal of Mr. Lanuza's claim against Defendant Love is "the

20 precise result a <u>Bivens</u> remedy is intended to prevent."  Presenting dismissal of Mr. Lanuza's

21 claim against Defendant Love to the Ninth Circuit would allow the Ninth Circuit to address

22 whether such a result is required by its opinion in <u>Mirmehdi</u>.  Third, if Mr. Lanuza is forced to

23 proceed on his malicious prosecution claim against Defendant United States without the ability

24

of simultaneously appealing his Bivens claim against Defendant Love, he may not have the opportunity to challenge the applicability of Mirmehdi to his case.  See 28 U.S.C. § 2676 (judgment in an FTCA action bars any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim).

In light of the foregoing, the Court finds there is no just reason to delay entry of final judgment against Defendant Love.

## Conclusion

Having found no just reason for delay, the Court GRANTS Mr. Lanuza's motion and enters a final judgment dismissing Mr. Lanuza's claim against Defendant Jonathan Love, pursuant to Federal Rule of Civil Procedure 54(b).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of May, 2015.

Marsha J. Pechman
United States District Judge