1

2

*The Honorable Barbara J. Rothstein*

3

4

5

6           UNITED STATES DISTRICT COURT
7         WESTERN DISTRICT OF WASHINGTON

8    IGNACIO LANUZA,                    )    **Case No.  2:14-cv-01641-BJR**
                                        )
9                    Plaintiff,         )    **UNITED STATES' MOTION FOR**
                                        )    **COSTS & FEES UNDER FEDERAL**
10              vs.                     )    **RULES - LAWS**
                                        )
11                                      )    *Motion Calendar:*  **Friday, Sept. 6, 2019**
     JONATHOAN LOVE, and                )
12   UNITED STATES OF AMERICA,          )
                                        )
13                  Defendants.         )

14          Defendant United States (U.S.), through the undersigned Special Counsel, moves the Court

15   for the awarding of costs, fees and expenses incurred in the defense of this action as authorized by

16   Fed. R. Civ. Pro. 11, 54 and as allowed by other Federal laws. This motion comes on the heels of

17   this Court's Order dismissing Plaintiff's *disfavored malicious prosecution* claim against the United

18   States. *Dkt. No. 148 – Order Granting Dismissal* and finding that law in area was clearly established

19

20   and arguments and claims advanced on Plaintiff's behalf completely lack any merit.  *Id.*

21          In September 2015, the U.S. served Plaintiffs' five to six counsel (involving two firms) with

22   its Rule 11 Fees Notice on September 8, 2015.  *See Durkin Decl., Attachment A – Rule 11 Memo.*

23   The U.S. informed Plaintiff / counsel that it would seek the recovery of all allowable costs – fees

24   upon the Court's dismissal of Plaintiff's malicious prosecution claim. *Dkt. No. 148 (Order of*

25   *Dismissal), 149 (Jgmt.).* Plaintiff and his cadre of counsel rejected the invitation then and more

26   recent invitations to take a voluntary non-suits or stipulated dismissal.  *See Durkin Decl. id.*  The

27

28   United States recently invited Plaintiff – Counsel to discuss trying to reach an amicable, less litigious

United States' Motion & Memo for Costs – Fees
page 1

**William B. Hyslop**
**United States Attorney (EDWA)**
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

resolution of this motion.  No response was provided.  Therefore, Defendant brings this motion for costs – fees as the prevailing party and under Rules 11, 54 and other federal laws.  If granted, the United States requests the separate submittal for approval of those costs and reasonable attorney's fees incurred since September 28, 2015 (i.e., the last day of the Rule 11 Notice and covering ECF filings from *Dkt. Nos. 82 – 149 (October 1, 2015 – August 6, 2019)*

**A.      Plaintiff's Alien History.**  Plaintiff IGNACIO LANUZA (Plaintiff or Lanuza) is a Mexican citizen who, by his own accounts, illegally entered the U.S. in *1996* (i.e., violated U.S. sovereign border, without inspection – permission, all in violation of 18 U.S.C. § 1325(a). *See e.g., ICE Officer Anthony Dodd's Decl. (Ex. 503, DHS Officer Dodd 's I-213 narrative).* Plaintiff was caught, arrested and detained by U.S. border enforcement authorities on five different occasions. *Id.* On each occasion, Lanuza voluntarily signed an immigration document (e.g., I-826), which allowed him to be promptly returned to his native country (Mexico) without being subjected to further custodial detention, removal (deportation) processes through the U.S. Immigration Courts (I.C.), and/or criminal prosecution. *See e.g.,* 8 U.S.C. § 1325(a) (unlawful entry - first conviction is a misdemeanor; subsequent offenses / convictions are felonies). *Id.* An I-826 is the only immigration form that allows arrested – detained aliens to be *voluntarily returned (v'red)* to their native country without further detention, deportation proceedings and/or criminal prosecution.  *Id.*  No other I-form allows this relief.  *Id.*  Lanuza's arrests-detentions for violating the U.S.' border include:

| | |
|---|---|
| *June 3, 1996:* | Voluntary Return to Mexico (without prosecution – deportation) granted by U.S. Border Patrol at Imperial Beach, CA; |
| *June 7, 1996:* | Voluntary Return to Mexico (without prosecution – deportation) granted by U.S. Border Patrol at Imperial Beach, CA; |
| *June 11, 1996:* | Voluntary Return to Mexico (without prosecution – deportation) granted by U.S. Border Patrol at Brown Field, CA; |
| *Jan. 12, 2000:* | Voluntary Return to Mexico (without prosecution – deportation) granted by U.S. Border Patrol at Nogales, AZ; |
| *Jan. 13, 2000:* | Voluntary Return to Mexico (without prosecution – deportation) granted by U.S. Border Patrol at Nogales, AZ |

United States' Motion & Memo for Costs – Fees
page 2

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

*See Dkt. 1 (Complaint), Ex. 11; Officer Dodd's I-213; EARM copy of I-213 narrative, (June 25, 2008), Ex. 503.* Following each voluntary return (without prosecution), Plaintiff again illegally crossed - violated the U.S.'s border and unlawfully returned (e.g., Plaintiff violated the U.S.'s border a minimum of ten (10) occasions from 1996 – 2000). In fact, Immigration Judge (I.J.) Kenneth Josephson, based on Plaintiff's stipulated alien – immigration history, found Plaintiff to be **<u>a recidivist violator</u>** of the U.S.'s border. *Ex. 506.* The Bureau of Immigration Appeals (BIA) also noted Plaintiff had a documented history of *voluntary returns* of "**<u>at least five times</u>** between June 3, 1996, and January 13, 2000." *Ex. 519.*

Plaintiff claims he resided in the Seattle area until he went back to visit family in Mexico in *late 1999 – early 2000*, where he stayed for two months. *See Ex 504, Lanuza Declaration of December 13, 2012. Id.* After this extended residence in Mexico, Plaintiff decided to return to the U.S. and was again caught on ***<u>January 12, 2000,</u>*** near Nogales, AZ, violating the U.S.'s border. *Ex. 503,* I-213 (dated May 25, 2008). During this arrest - detention by Border Patrol law enforcement officers (BP LEOs), Plaintiff once again agreed to sign an I-form (i.e., I-826; *Ex. 502*) and was again V'red to Mexico, without further detention, the initiation of deportation proceedings or criminal prosecution. *Ex. 503 (I-213).*

The very next day, ***<u>January 13, 2000</u>***, BP LEOs again arrested Plaintiff near Nogales trying to cross the border and detained him. *Id.* Plaintiff again signed the required I-form (i.e., I-826) and expressed a desire to be promptly - voluntarily returned to Mexico without further detention, deportation proceedings, or criminal prosecution. *Id.* As with his prior *V'Reds*, once Plaintiff signed the required I-form (i.e., an I-826), he was immediately returned to Mexico. *Ex. 515 (Dodd Decl.).* In fact, Plaintiff admits signing the Border Patrol immigration form immediately preceding his *voluntary returns (V-Reds)* to Mexico. *See Ex. 501, Lanuza Complaint* at 7. P

United States' Motion & Memo for Costs – Fees
page 3

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone: (509) 353-2767  Fax: (509) 835-6397

1
2
3
4
5
6
7

Plaintiff's only contention during I.C. hearings was that: 1) He did not get a copy of the form he signed; and 2) the federal LEO did not provide *him a full, detailed explanation* of the purpose of the form or the impact the I-form may have in later immigration court proceedings. *Id.; see also Ex. 521 (Lanuza Decl.), Ex. 506 (I.C. Judge Order).* As we now know, Plaintiff again illegally crossed the U.S. border after ***January 13, 2000,*** after his arrest – detention – release, and, made his way to Seattle where in May 2008 he was arrested on weapons - obstruction justice charges. *Id.*

8
9
10
11
12
13
14
15
16

B.     **Plaintiff's DUI Offense - Crash into back of Seattle Transit Bus - Injuring Multiple Patrons.**   On ***January 18, 2004***, Plaintiff rear-ended a Seattle Metro bus while it was parked at a bus stop. *Ex. 509.*  Defendant was intoxicated and unlawfully driving under while under the influence (DUI).  *Id.*  The collision was so violent, Plaintiff injured passengers and caused a number of the innocent bus-riders to seek and receive medical care.  *Ex.* 509 at 9, 12.  Plaintiff was cited for Driving under the Influence (DUI) and for driving with a suspended license, which was previously suspended due to Plaintiff's failure to carry auto liability insurance. *Ex. 509* at 7, 12.

17
18
19
20
21
22
23
24
25
26
27

C.     **Plaintiff's Arrest & Conviction for Brandishing Stolen Firearm & Threatening behavior.**  During the late evening hours of ***June 24, 2008,*** Seattle Police Department (SPD) Officers responded to a noise complaint at a Seattle residence, where they found Plaintiff in a backyard shed, intoxicated and showing – handling a handgun.  The firearm was determined to have been stolen in California.  *Id. at p. 2-3* ("at the precinct we learned that the gun was stolen out of Corona, California."). *Ex. 508.*  Despite being told to drop the weapon, Lanuza tried to hide it in his coat before finally tossing it toward some bedding.  *Id* at p. 2.  SPD secured the stolen firearm and Plaintiff was arrested.  *Id.*  Plaintiff later pled guilty to the reduced charge of unlawfully displaying a weapon (i.e., a stolen firearm) in a manner manifesting *an intent to intimidate* another or cause alarm for the safety of other person(s), all in violation of RCW 9.41.270.  *Id.*

28

United States' Motion & Memo for Costs – Fees
page 4

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.      King Co. Jail Stay for Unlawful Firearm and Transfer to ICE for Removal Proceedings.**  On *June 25, 2008*, ICE Officer Anthony Dodd encountered Plaintiff at the King County Jail, where Plaintiff was being held on the state criminal obstruction of justice and firearms offenses.  *Ex. 515, 503*.  Plaintiff admitted to Officer Dodd that he was illegally in the country.  *Id.; Dkt. 25 (Lanuza Decl.) at 2*.  Plaintiff also told Officer Dodd he was:  a) single without involvement; b) did not have any children; and c) had last crossed the border into the U.S. in 1999 (which was inaccurate and false).  *Ex. 521*  On about *June 30, 2008*, after pleading guilty to the stolen firearm offense and serving time on the state court conviction, Dodd took custody of Plaintiff and initiated removal proceedings by issuing Plaintiff a *Notice to Appear* (NTA) in the I.C. for removal proceedings.  *Id.*  Officer Dodd then booked Lanuza into HHS's Tacoma detention facility.  On *July 17, 2008,* Lanuza was allowed to post a bond and remained out of detention for the remainder of the alien removal proceedings.  Plaintiff's immigration removal proceedings were then transferred from Tacoma to the Immigration Court (I.C.) in Seattle (e.g., Plaintiff resided in the Seattle area).  *Id.*

On *May 6, 2009*, (i.e., 10 mos. after Officer Dodd's investigation of Plaintiff and arrest and initiation of removal proceedings), Plaintiff disclosed *for the first time*, through his immigration attorney, that he would be seeking eligibility to apply cancellation of removal under INA § 245(i) and would also be seeking an adjustment of his illegal alien status.  *Dkt. 1*.  In response, ACC Jonathan Love informed the Immigration Judge (I.J.), Kenneth Josephson presiding, that Plaintiff's A-file reflected he had been voluntarily returned to Mexico in January 2000 (in lieu of deportation) and that Plaintiff's A-file contained an I-826 consistent with this voluntary return.  *Dkt. 1.[1]*  Plaintiff did not contest these representations.  *Id.*  Judge Josephson then directed ACC Love to submit an evidence packet, including the *V'red,* so that the Court would have it for review and consideration.

---

[1]    Plaintiff's counsel admitted during oral argument in 9th Cir. that Mr. Love did not alter Officer Dodd's I-826 (2008) until "after" Lanuza disclosed to the I.C. that he would be seeking discretionary relief (i.e., May 6, 2009). https://cdn.ca9.uscourts.gov/datastore/media/2017/10/03/15-35408.mp3

United States' Motion & Memo for Costs – Fees
page 5

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Between *May 6, 2009*, and *May 11, 2009*, ACC Love reviewed Lanuza's A-file and determined the I-826 immigration forms that Plaintiff admitted signing before his *v'reds* back to Mexico, were missing from the A-file.  Love then altered Officer Dodd's June 30, 2008, I-826 that Plaintiff signed to make that 2008 I-826 it look like the I-826 that Plaintiff signed on January 13, 2000.

On *May 11, 2009*, Mr. Love submitted to the I.C. and introduced into evidence a January 2000 I-826 form that ACC Love represented Plaintiff had signed on *January 13, 2000*.  The I-826 form was used to establish Lanuza's own admitted absence from the U.S. into Mexico during the holidays of 1999 and early 2000, and his own admitted voluntary return to Mexico after arrest, thereby factually / legally rendering Plaintiff ineligible for seeking discretionary cancellation of removal proceedings.  s*ee also* 8 U.S.C. § 1229b(d); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008); *Osnaya-Alvarez v. Holder*, 585 Fed.Appx. 690 (9th Cir. 2014).

In fact, to be eligible for the possible I.J. exercise of discretionary relief from deportation proceedings (i.e., discretionary cancellation), the petitioner (Mr. Lanuza) had to:

1) Be physically present in the United States for the entire 10 years immediately preceding his application for cancellation;
2) Must be a person of good moral character during those 10 years;
3) Must not have been convicted of certain enumerated crimes; and
4) Must show that his/her removal would cause an exceptional and extremely unusual hardship to the alien's spouse, child or parent who is a U.S. citizen or Legal Permanent Res.

*Id.*  Even though an alien may satisfy and prove all four factors, the alien must still yet also clearly demonstrate that he/she is deserving or entitled to the I..J.'s favorable exercise of discretion to cancel the removal proceedings.  *Id.; see also Matter of Mendoza-Sandino, 22 I&N Dec. 1236 (BIA 2000) (holding that physical presence accrual time does not begin again time of stay has stopped.).*  In fact, An I.J. finding of *good moral character* is both a statutory requirement and a discretionary matter. *See* INA § 101(f), 8 U.S.C. § 1101(f); *Matter of Turcotte*, 12 I&N Dec. 206, 208 (BIA 1967).

United States' Motion & Memo for Costs – Fees
page 6

1
2
3
4

> Among the factors deemed adverse to an alien are the nature and underlying circumstances of the grounds of exclusion or deportation (now removal) that are at issue*, **the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.*** (emphasis added)

5
6

*Id.*; *see also Matter of Thomas*, 21 I&N Dec. 20 (BIA 1995) (evidence of unfavorable conduct,

7

including that not involving a conviction, may be still be considered by the I.C. for cancellation).

8
9
10
11
12

I.C. Judge Josephson, Plaintiff's counsel, and Plaintiff all inspected and accepted Love's proffered I-826 form, without any challenge to authenticity or signatures contained therein. *Id.* (i.e., the form confirmed what the parties mutually understood – i.e., admitted *the underlying facts* of his V'red). In turn, Judge Josephson still allowed Plaintiff's counsel to file a motion and materials that might support Lanuza's claim of eligibility for *discretionary relief* (i.e., cancellation). *Id.*

13
14
15
16

After considering Lanuza's motion, however, Judge Josephson found he was ineligible for his exercise of discretionary relief on a number of grounds. *Dkt. 134-6 (Ex. 506 – Order); see also Gutierrez, id.* at 1117*; Osnaya-Alvarez v. Holder, id.* at 690. For example, Judge Josephson ruled:

17
18
19

> Respondent first seeks adjustment of status based on an approved I 130 filed by his USC spouse, Nancy. As I stated in my minute order of Dec. 3, 2009, ***I find respondent ineligible*** for such ***because he is a recidivist immigration violator*** based on his numerous returns and illegal re-entries as noted above. …

20
21
22
23

> Next I tum to the request for cancellation of removal. Respondent was previously represented by a different lawyer. As I further noted in my minute order of Dec. 3, "Respondent's memo of Nov.25 seems to assume that he has been found eligible to seek cancellation of removal and that is not so". I provided respondent with an additional period of time to show eligibility and "***articulate <u>any material fact actually in dispute</u> as to the request for cancellation of removal''. Respondent has not.***

24
25
26
27
28

> Respondent previously wrote with regard to his signing the I 826: "Nobody ever read to me or gave me any copy of the paper ... The only thing that I did was to sign where the immigration official indicated and the official did not explain anything in detail to me about the reason for the paper". (Declaration of May 26, 2009, page *5; submission of counsel of June 2, 2009.) The issue presented is whether on this basis respondent can show that he is eligible to seek cancellation of removal in that a documented administrative return to Mexico in the sense of the respondent waiving his right to appear before an IJ would break the period of required continuous residency. *Guitterez v. Mukasey, 52/ F.3d I 114 (9'" Cir. 2008).* I

United States' Motion & Memo for Costs – Fees
page 7

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone: (509) 353-2767 Fax: (509) 835-6397

1

2
agree with OHS that it is the burden of respondent to show eligibility for cancellation of removal under *Matter of Almanza, 241 & N Dec. 711 (BIA 2008)* and even assuming what he has written is true with regard to the I 826; he has not shown eligibility. ... respondent "alleges no misrepresentation by immigration officials, nor any other circumstance" pertaining to some wrongful administrative act in securing his signature. *Id at 1117.* There is certainly no claim of any improper duress, use of force, or that respondent would in fact have wanted to appear before an IJ. After all, recall that in 2000, this respondent had no basis for any kind of relief. Unlike, *Guitierez,* this case falls within the REAL ID ACT (the E 42B was filed in 2009) and the burden on this respondent to show eligibility should be higher than that which he faced. …

3

4

5

6

7

8
One can cite to other instances where the court held an alien to the consequences of the immigration documents he had signed notwithstanding subsequent claims that he had not "knowingly" executed the same. *Martinez-Merino v. Keisler, 504 F.3d 1068 (9''' Cir. 2007)* pertaining to a reinstatement of a removal order or *Khan v. Ashcroft, 374 F.3d 825 (9TH Cir. 2004) (*rejecting a due process claim in that a hearing notice was in English – a language that the respondent did not understand*).*

9

10

11

12
I find respondent ineligible for the relief that he has sought.

13
*Id. (emphasis added).*  Plaintiff appealed to the Board of Immigration Appeals ("BIA"), which

14
upheld the I.C.'s Order on **November 15, 2011**.  *Dkt. 134-18.*  In affirming, the BIA noted:

15

16
… We agree with the Immigration Judge that the respondent is ineligible to seek adjustment of status (I.J. at 1, January 5, 20l0). There is no dispute the respondent is inadmissible pursuant to section 212(a)(9)(C)(i)(I) of the Act for [illegally] reentering the United States without being admitted after more than 1 year of unlawful presence in the U.S. Accordingly, the respondent is ineligible to seek adjustment of status under section 245(i) of the Act. …

17

18

19

20
Finally, we agree with the Immigration Judge that the respondent is ineligible to seek cancellation of removal pursuant to section 240A(b)(l) of the Act because he is unable to demonstrate the requisite 10 years continuous physical presence (I.J. at 1·2, January 5, 2010). See section 240A(b)(l)(A) of the Act; 8 C.F.R. §24-0.64(b)(3); *see also Ibarra-Flores* v. Gonzales, 439F.3d 614 (9th Cir. 2006) (holding that administrative voluntary departure can serve to break a period of continuous physical presence when an alien has knowingly and voluntarily consented to the terms of the agreement [i.e., *immediate voluntary return to Mexico, without prosecution*]). … the agreement).  Despite the respondent's claim that he was not read his rights or given a copy of the Form I-826, **he does not assert that he did not understand his rights or that he signed the document involuntarily** … **The record shows that the respondent was not simply turned around at the border but was subjected to the documented and formal process of voluntary return at least 5 times between June 3, 1996, and January 13, 2000 (Exh. 2).**  Accordingly, the Immigration Judge properly found the respondent was ineligible to see[k] cancellation of removal.

21

22

23

24

25

26

27

28

United States' Motion & Memo for Costs – Fees
page 8

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

*Ex. 519 (emphasis added).*

Plaintiff then appealed to the Ninth Circuit, during which a new immigration attorney discovered the altered I-826 on or about ***December 13, 2011***.  On ***February 11, 2012,*** after determining Officer Dodd's I-826 (2008) had been altered, Plaintiff's counsel filed a motion with the BIA to reopen I.C. proceedings, arguing removal was based on the forged I-826 submitted by Mr. Love.  *Dkt. 1, ¶ 45.*  The BIA granted Plaintiff's motion, specifically ordering:

> The respondent has provided evidence indicating that the Notice of Rights and Request for Disposition (Form I-826) submitted by the DHS may not be a complete and accurate document representing the respondent's immigration record.  ***Specifically, the Form I-826 submitted by DHS contains anachronisms and other hallmarks which may suggest document tampering***.  Given the seriousness and particularity of the allegations, as well as the individual circumstances present in this case, we will reopen and remand for the Immigration Judge to conduct a full evidentiary hearing regarding the respondent's claims and requests for relief.  ***In so remanding, we intimate no opinion regarding the respondent's ultimate eligibility for the relief requested***.

*Dkt. 1, Exhibit L (pg. 129) (emphasis added).* Love did not oppose Plaintiff's motion to re-open.  In fact, ACC Love defaulted on Plaintiff's requests on remand for both:  1) cancellation of removal; and 2) adjustment of his non-resident alien status.[2]  *Dkt. 1, Ex. M.*  Plaintiff's motion is granted on on ***January 9, 2014,*** in the absence of any opposition by Love and contradiction of the following:

1) Plaintiff's own admitted absence from the U.S. and two *voluntary returns to* Mexico in January 2000;

2) Plaintiff's inability to prove the required 10 years of good moral character . . . i.e., Plaintiff was found to be:  i) a recidivist border violator; ii) he was convicted of threatening others with a stolen firearm; iii) he had a DUI crash into the back of a stopped Seattle metro bus, injuring innocent bus passengers; and iv) he operated his motor vehicle with a suspended license (i.e., failed to carry mandated liability insurance); and

3) Plaintiff's failure to prove the required *exceptional and extremely unusual hardship* that would result from his removal

---

[2]    Plaintiff *finally* acknowledges he was factually/legally ineligible for adjustment of alien status, but Plaintiff nonetheless requested / received adjustment to his status.  *Id.*

United States' Motion & Memo for Costs – Fees
page 9

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

Nonetheless, Judge Josephson grants Plaintiff's unopposed cancellation <u>and</u> status adjustment.[3]  *Id.*

   **E.   <u>Overview of Proceedings & Plaintiff's Rule 11 Violations</u>**.  On ***<u>February 13, 2014</u>***, Plaintiff submitted ***a $500,000 administrative tort claim*** to ICE.  *Dkt.1, ¶ 5.*  Plaintiff's claim was later administratively denied.  Plaintiff's counsel filed this lawsuit on ***<u>October 23, 2014</u>***, alleging a *Bivens* claim against Defendant Love and five (5) separate tort claims against the U.S. (Love's employer) under the FTCA.  *See Dkt.1, ¶ 6.*  On ***<u>December 18, 2014</u>***, Defendant Love filed a Rule 12(b)(6) motion to dismiss Plaintiff's *Bivens* claim.  *Dkt. 9.*  On ***<u>December 23, 2014</u>***, the U.S. filed its first motion to dismiss based on, *inter alia,* the absence of FTCA jurisdiction due to Plaintiff's counsel's failure to comply with applicable statute of limitations on Plaintiff's asserted common law tort claims.  *See Dkt. 14.*  On ***<u>March 20, 2015,</u>*** the District Court (the Honorable Judge Marsha J. Pechman) entered an Order reluctantly granting Love's motion to dismiss. The District Court also dismissed four of Plaintiff's five claims against the U.S., leaving only a *disfavored*, strictly construed common law claim of *malicious prosecution*, which was then based on Plaintiff's unproven allegation that "other DHS – ICE law enforcement officers, *may* have helped Love"  *See Dkt. 35.* .[4]

   On ***<u>June 29, 2015,</u>*** the U.S. filed a second motion to dismiss based on:  i) lack of jurisdiction under the FTCA; ii) absolute immunity; and iii) Plaintiff's inability to properly allege or prove a cognizable FTCA *malicious prosecution* claim against a required "federal law enforcement officer" (i.e., Mr. Love is not a federal law enforcement officer under § 2680(h).  *See Dkt. 53.*  On ***<u>July 15,</u>***

---

[3]  Plaintiff alleges in his Complaint that he was not legally entitled to have IJ Josephson favorably adjust his resident status - *Dkt. 1, n. 4* – but he nonetheless received a favorable, uncontested adjustment on remand.  *Id*

   [4]  Plaintiff's counsel at NIRP have an obligation under the RPCs to advise their client, Mr. Lanuza, of their failure *inter alia* to:  1) perform due diligence in their pre-filing investigation; 2) pre-filing legal evaluation; 3) to timely comply with applicable FTCA statutes of limitations - which resulted in outright dismissal of 4 of 5 Plaintiff's FTCA claims; and 4) counsel's failure to examined the merits of his futile *malicious prosecution* claim before asserting and continuing to prosecute the same.   Plaintiff's counsel (all) also have obligation under the RPCs to advise Plaintiff to secure separate, independent counsel to objectively evaluate the merits of a legal malpractice case against current counsel and for Rule 11 violations.  *See e.g.,* RPCs 1.3, 1.4, 1.7, 1.8(b) and (h), and 3.1; and *Grange Ins. Ass'n v. Roberts* 179 Wash.App. 739, 320 P.3d 77 (Div. 1, 2013) (discussing malpractice elements where counsel failed to perform due diligence).

United States' Motion & Memo for Costs – Fees
page 10

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

1    ***2015***, the U.S. filed a third Rule 12(b)(6) motion to dismiss based on lack of jurisdiction under 8

2    U.S.C. § 1252(g) and immunity under Washington's Litigation – Witness Immunity doctrine.  *See*

3    *Dkt. 58.  Id.*[5]  The District Court denied the US' motion on the basis Plaintiff's Complaint, broadly

4    literally interpreted, met the *plausible standard* for asserting a FTCA *malicious prosecution* claim

5    because of ***unspecified* ICE - DHS federal law enforcement officers**.  *See Dkt. 86; see also Decl.*

6    *of Tim Durkin* and *Dkt. 45, 49.*

7            On ***May 4, 2015,*** AUSA Durkin sent an email to Plaintiff's five (5) counsel advising them

8    that Plaintiff's sole remaining claim of malicious prosecution was disfavored under the law, was not

9    well grounded in fact or law given the underlying facts of the case, and should be immediately

10   discontinued.  *Id.*  Plaintiff's counsel rejected this notion and thereafter served the United States with

11   three (3) additional sets of discovery, including *inter alia* the requested production of *all* I-826 form

12   filings in the Seattle Immigration Court from 2007 through 2012 (which involves approximately

13   42,000 cases).  *Id.*  On ***July 13, 2015***, the U.S. again engaged in a dialogue with Plaintiff's counsel

14   regarding the U.S.' perception of an ever increasing scope of discovery demands by Plaintiff's

15   counsel, purportedly related to his single malicious prosecution claim (e.g., Plaintiff 's counsel

16   requested the production of **<u>all</u>** I-826 forms that ICE counsel iled in Seattle immigration proceedings

17   ___

[5]    The United States also moved for protective orders and a stay of discovery while the Court considered the
United States' Rule 12(b)(1) facial motions for dismissal based on i) statutory immunity; ii) absolute immunity and ii)
judgment on the pleadings (none of which necessitated discovery).  *See Dkt.* 34, 59, 63, 66.  The District Court denied
these motions (*Dkt.* 35, 65, 69*)* and the United States thereafter had to respond to Plaintiff's six (6) sets of written
discovery and multiple subpoenas.
        Plaintiff's counsel also unilaterally noted nine (9) depositions of four ICE officers and five current - former
members of ICE's Office of Chief Counsel, including a sitting Immigration Court Judge (none of these counsel were
involved in the altered form and could not provide a basis for Plaintiff to imposing liability under the FTCA).  *Cf., Bell*
*Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007).  Depositions proceeded on the ICE law enforcement officers and some
ICE counsel, including Mr. Love, who invoked his constitutional rights; and his deposition was sealed by this Court
while his criminal case proceeded.  *See Dkt.* 89.
        The United States did not initially seek *any* discovery from Plaintiff due to its *lack of jurisdiction* defense, but did
finally ask to depose Plaintiff and his wife, and sought limited written discovery shortly before the District Court granted
a stay due to the criminal case and Plaintiff's appeal through the Ninth Circuit.  So, depositions of the Plaintiff and other
witnesses with information regarding Plaintiff's allegations – damages has not yet been performed.  It is hoped the
additional discovery costs – expenses can be avoided with the success of this motion.

United States' Motion & Memo for Costs – Fees
page 11

William B. Hyslop
*United States Attorney (EDWA*)
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

1    from **2007 – 12**, which encompasses approximately **8,000 cases**).  The undersigned advised

2    Plaintiff's counsel that the continued, expanding discovery, while motions to dismiss based on the

3    lack of jurisdiction, immunity, inability to state a FTCA claim, and judgment on the pleadings was

4    pending was imprudent, a waste of the parties' resources and not in the interests of judicial economy

5    or litigation efficiency.  *Id.*  Plaintiffs' counsel disagreed.

6          On *July 16, 2015*, the United States filed additional jurisdictional challenges to the Plaintiff's

7    action under  8 U.S.C. § 1252(g) (prohibiting any court from having jurisdiction over any cause or

8    claim challenging the U.S. Attorney's decision to comments, adjudicate or execute removal

9    proceedings and orders) and Washington's *Litigation Privilege and Witness Immunity* doctrine.  *Dkt.*

10   *58.*  These defenses were also previously communicated to the Plaintiff.  *Id.*  The United States

11   respectfully requested the Court to issue an Order staying discovery until after all of the pending

12   motions to dismiss were resolved.  *See Dkt. 54, 58, and 62.*  Plaintiff's counsel opposed the motion,

13   falsely claiming that Plaintiff's *malicious prosecution* claim was viable.  Since the Court had not yet

14   reviewed the United States' newer motions to dismiss, had previously denied its first motion to

15   dismiss (on different grounds), and was misled by Plaintiff's response, the Court denied the United

16   States' motion for protective order.

17         On *July 17, 2015,* Plaintiff's counsel unilaterally sent out notices for four DHS/ICE

18   employees, with the depositions unilaterally scheduled for August 11th and 12th, 2015, in Seattle.

19   The depositions were for DHHS law enforcement officers:  1) Mark Bailey; 2) T. Calfee; 3) Michael

20   Diaz; and 4) Anthony Dodd.  In the afternoon of *July 21, 2015,* Plaintiff's counsel unilaterally sent

21   out notices for the taking of the depositions of three (3) current and two (2) former ICE attorneys:  5)

22   John Odell (ACC); 6) Robert Peck (a retried ACC); 7) Jonathan Love, ACC on assigned

23   administrative duties; 8) Greg Fehlings, Deputy Chief Counsel and Love's supervisor; and 9) the

**William B. Hyslop**
**United States Attorney (EDWA)**
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

then chief of the Seattle Office, Mr. Sanchez.  After lodged objections, the parties reached a

compromise on scheduling the needless, expensive and unnecessary discovery depositions.  Plaintiff

also pursued discovery examinations, service of subpoenas and other discovery matters with the

absence of good faith.  *See Dkt. No. 134-15 – Depo of Officer Dawn Calfee (pgs. 78-112); who had*

*no involvement in Lanuza's case, pgs. Cf.,* Rules 11, 26, 37, 45 (exam by Ms. Madrid).

On **_August 14, 2015_**, the U.S. provided Plaintiff's counsel with a **$4,000 Offer of Judgment**

in the form of a settlement agreement – release of claims.  Plaintiff's counsel failed to respond

within the Rule's specified time.  *See Durkin Decl. (and email attachments);* On **_September 8, 2015_**,

the U.S. served Plaintiffs' counsel with **a Notification of Rule 11 Violations** and requested

Plaintiff's counsel to file an immediate dismissal of Plaintiff's deficient, sole remaining malicious

prosecution claim against the U.S.  Plaintiff and his counsel declined.  The U.S. informed Plaintiff

and counsel that once dismissal was entered that the United States would be seeking all recoverable

costs – fees that were incurred in having to defend Plaintiff's frivolous claim.  On a number of

occasions after September 8, 2015, the U.S. would again invite Plaintiff's counsel to take a voluntary

dismissal, without consequence.  *Id.*  However, on each occasion Plaintiff and counsel refused,

wrongly claiming that the U.S. could be held liable under the FTCA's *law enforcement proviso* for

ICE Attorney Love's unlawful acts.  *Id.*

F.     **Rule 11 Standards.**  Plaintiff and counsel failed to exercise due diligence in their

pursuit of their FTCA claims against the United States.  *Among other things*, Plaintiff's counsel first

negligently failed to properly evaluate the timeliness of Plaintiff's purported other FTCA claims and

patently failed to comply with applicable statute of limitations for preserving and asserting such

claims.  Plaintiff's counsel's lack of due diligence resulted in the Court's dismissal of four of the

Plaintiff's five causes of actions.  *See Dkt. 35 – Order Dismissing Abuse of Process; Intentional*

United States' Motion & Memo for Costs – Fees
page 13

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

1    *Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; and Negligence* claims

2    In addition, Plaintiff's counsel failed to exercise due diligence in determining, before filing, whether

3    a *malicious prosecution* against the United States under the FTCA federal law enforcement proviso

4    could be based on the acts of a DHS – ICE Immigration Prosecuting Attorney as opposed to a

5    certified federal law enforcement officer.  Had Plaintiff's counsel performed such due diligence, he

6    would have learned, as this Court noted in its Order, the law in the area is well settled and

7    immigration attorneys cannot satisfy the FTCA's Law Enforcement Proviso requirements for

8    supporting a *malicious prosecution* claim under the FTCA.  *Millbrook v. U.S.,* 569 U.S. 50, 55

9

10    (2013) ("Congress intended immunity determinations to depend on a federal officer's legal authority

11    …", not the manner or capacity in which the federal employee was *allegedly acting*); Sims v. U.S.,

12    2008 WL 4813827, at *5 (E.D. Cal. Oct. 29, 2008) (attorneys working for ICE are not law

13    enforcement under § 2680(h)); 8 C.F.R. § 287.5(c)-(f) (enumerating ICE employees given arrest

14    authority, which does not include attorneys); *Bernard v. U.S., id.*  (FTCA does not authorize

15    intentional torts based on government attorneys' conduct); *Gonzalez v. U.S.*, 2013 WL 942363, *5

16

17    (C.D. Cal. Mar. 11, 2013) (dismissing intentional tort claims since complaint only addressed actions

18    of ICE attorneys and immigration judge); *Cao v. U.S.*, 156 Fed.Appx. 48, 49-50 (9th Cir. 2005)

19    (dismissing false imprisonment claims since INS attorneys - immigration judges are not law

20    enforcement officers under FTCA). ;

21       Plaintiff's counsel were misguided in their overly zealous pursuit of Plaintiff's futile claim.

22

23    *Dkt. 34, 64-1.*  Thus, it is the United States position that it should recover all reasonable fees / costs

24    arising from every pleading - filing with this court since September 29, 2015 (i.e., *Dkt. Nos. 82 –*

25

26    *149), which violated* Rule 11.  Rule 11 sanctions must be awarded when a signed pleading, motion

27

28

United States' Motion & Memo for Costs – Fees
page 14

*William B. Hyslop*
*United States Attorney (EDWA)*
Post Office Box 1494, Spokane, WA 99210-1494
Telephone:  (509) 353-2767  Fax:  (509) 835-6397

or other paper is not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.  That is what occurred here.

The United States is also entitled to costs under Rule 54 related to transcripts, etc., that were ordered in connection with preparation of this case for trial – litigation.  28 U.S.C. § 1920 defines the term "costs" as used in Rule 54 (d), and enumerates expenses that a federal court may tax as costs under the authority found in Rule 54(d), which includes deposition transcript costs and the transcript from the Ninth Circuit Court of Appeals.

Wherefore, the United States respectfully requests that the Court issue an order granting the United States entitlement to the recovery of reasonable attorneys' fees and costs in this matter under Rules 11 and 54, and any other applicable federal laws.

RESPECTFULLY SUBMITTED this 20th day of August 2019.

*William D. Hyslop*
*United States Attorney (EDWA)*

s/ ***Timothy M. Durkin***
Timothy M. Durkin, AUSA
Special Counsel for U.S. Attorney General

***Certificate of ECF Service***

I hereby certify that on the date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System the Court's ECF system will send notification of such filing to the following, and/or I hereby certify that I have mailed by U.S.  Postal Service the document to the following non-CM/ECF participant(s):

*Counsel for the Plaintiff:*

*Defendant Pro Se*
And to the following non-ECF party:  N/A

Matt Adams, matt@nwirp.org;
Christopher Schenck, chris.schenck@gmail.com;
Stephanie Martinez, stephanie@nwirp.org;
Aaron Korthius, aaron@nwirp.org.
Jonathan Love, Jonathanlove786@gmail.com.

s/ *Tim M. Durkin*
Timothy M. Durkin, AUSA

United States' Motion & Memo for Costs – Fees
page 15