Honorable Barbara J. Rothstein

1

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
10
AT SEATTLE

11
IGNACIO LANUZA,                                   Case No. 2:14-cv-01641-BJR

12
                              Plaintiff,

13                                                **PLAINTIFF'S RESPONSE TO
          v.                                      DEFENDANT'S MOTION
14                                                FOR FEES AND COSTS**
UNITED STATES,
15
                              Defendant.
16

17

18

19

20

21

22

23

24

## INTRODUCTION

Defendant United States has moved for sanctions under Federal Rule of Procedure 11 against Plaintiff Ignacio Lanuza (Mr. Lanuza) and his counsel, charging them with bringing frivolous claims in this lawsuit. The U.S. Attorney levels this charge against Mr. Ignacio and his counsel despite the fact that this lawsuit prompted the federal prosecution of Defendant's employee and a Ninth Circuit opinion expanding *Bivens* liability. It is in this context that Defendant seeks the "extraordinary remedy" of Rule 11 sanctions, one that courts "exercise[] with extreme caution." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). But "[t]he simple fact that an attorney's legal theory failed to persuade the district court does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law." *Id.* at 1344 (second alteration in original) (internal quotation marks omitted). "Rather, [courts] reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* Despite these well-settled principles, the U.S. Attorney has invoked Rule 11 to seek sanctions against Plaintiff Ignacio Lanuza and the undersigned counsel.

The U.S. Attorney makes this "extraordinary" request with one paragraph of argument, without citing to any Rule 11 case law or even to the text of the rule itself. Dkt. 150 at 13-14. Instead of focusing on the applicable law—the appropriate framework for its motion for sanctions—the U.S. Attorney instead spends the bulk of its motion repeating facts about Mr. Lanuza's criminal and immigration history that this Court has described (more than once) as "repetitious and irrelevant," Dkt. 130 at 1; Dkt. 148 at 1 n.2, and inappropriately questioning Mr. Lanuza's legal status in this country. Perhaps most importantly, the U.S. Attorney completely ignores the Court's earlier, explicit statement that undercuts any possible argument for Rule 11

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 1
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

sanctions: in denying the United States' earlier motion for a stay of discovery because of its pending motions to dismiss, the Court noted that "[w]hile Defendant United States' motions to dismiss may be viable, *it does not appear that Plaintiff's complaint is facially frivolous or clearly without merit.*" Dkt. 65 at 3 (emphasis added).

Defendant's motion is especially remarkable given that Mr. Lanuza brought this case to expose and seek accountability for the indisputably corrupt actions perpetrated by a federal attorney in the course of federal immigration proceedings. Prior to filing the instant action, the federal government had not initiated *any* investigation into the fabricated evidence that resulted in Mr. Lanuza's near removal, despite the fact the fabrication was exposed before the Ninth Circuit Court of Appeals, the Board of Immigration Appeals, and the immigration court. That changed once Mr. Lanuza filed his complaint, leading the federal government to finally investigate the fraudulent evidence submitted, determine which officer was responsible, and to prosecute the official for deprivation of constitutional rights under 18 U.S.C. § 242. Moreover, during the course of this case, Mr. Lanuza and his counsel succeeded in expanding *Bivens* liability, advancing a "nonfrivolous argument for extending, modifying, or reversing existing law," Fed. R. Civ. P. 11(b)(2), despite the substantial obstacles the case law initially posed for that claim, *see Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018). Yet the U.S. Attorney now vindictively seeks sanctions against Plaintiff, as if the federal government begrudges Plaintiff for forcing the government to hold one of its federal officials accountable for his corrupt actions. The U.S. Attorney's failure to cite the applicable case law makes evident the obvious: there is simply no basis for the Rule 11 sanctions in this case. The Court should therefore deny the United States' motion for Rule 11 sanctions and award attorneys' fees to Plaintiff's counsel for their time responding to this unwarranted invocation of that rule.

## FACTUAL AND PROCEDRUAL BACKGROUND

This Court is well-acquainted with the "egregious facts" of this case. Dkt. 148 at 4 (quoting *Lanuza*, 899 F.3d at 1021). Jonathan Love, an Immigration and Customs Enforcement (ICE) prosecutor, forged an I-826 immigration form in order to render Mr. Lanuza ineligible from applying for lawful status and to secure his removal from the United States. *Id.* That forgery was ultimately discovered, and Mr. Lanuza was granted permanent lawful residency in the United States. *Id.* at 3-4. Notably, the "government did not take any [investigatory or criminal] action against Love until after this lawsuit was filed on October 24, 2014." *Lanuza*, 899 F.3d at 1022. "Love was ultimately prosecuted and pleaded guilty to deprivation of rights under color of law pursuant to 18 U.S.C. § 242, which ICE characterized as a 'deprivation of constitutional rights.'" *Id.* at 1022-23.

Mr. Lanuza initially sued the United States under several legal theories, including malicious prosecution. With the exception of his malicious prosecution claim, the Court found that all of Mr. Lanuza's claims against the United States were time-barred. Dkt. 35 at 11-13. The Court did so after thoroughly analyzing "Mr. Lanuza['s arguments that] his tort claim was timely filed for three reasons: (1) the continuing tort doctrine; (2) equitable tolling; and (3) the accrual principles set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994)." Dkt. 35 at 11. The Court did not state or imply that Mr. Lanuza's arguments were legally unreasonable or otherwise in derogation of Rule 11. To the contrary, the Court expressed understanding for the reasons that Mr. Lanuza chose not to file the complaint until after he concluded his removal proceedings, stating that "the Court finds Mr. Lanuza's concerns [about equitable tolling] reasonable" even while concluding that the applicable case law prevented the claims. *Id.* at 12.

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 3
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    However, the Court agreed with Mr. Lanuza that his malicious prosecution claim was not barred.

2    *Id.* The Court also determined that case law barred Mr. Lanuza's *Bivens* claim. *Id.* at 6-9.

3         While these motions were pending, counsel for the United States sent an email to counsel

4    for Mr. Lanuza under Federal Rule of Procedure 11, along with a draft motion to seek Rule 11

5    sanctions. *See* Dkts. 132-34, 132-35. The letter advised that the United States intended to seek

6    sanctions against Plaintiffs' counsel for bringing a "specious," "completely meritless," and

7    "frivolous" claim if Mr. Lanuza did not dismiss his lawsuit within 21 days. Dkt. 132-34. The

8    U.S. Attorney charged Mr. Lanuza and his counsel with such conduct despite failing to prevail

9    on a previous motion to dismiss, Dkt. 35, and despite knowing that there was an ongoing federal

10   criminal investigation into Mr. Love. Shortly thereafter the Court denied all of the United States'

11   pending motions to dismiss. Dkt. 86. After completing further discovery, the parties agreed to a

12   stay as to Mr. Lanuza's FTCA claim pending a decision from the Ninth Circuit on the *Bivens*

13   claim. Dkts. 83, 87.

14        On August 14, 2018, the U.S. Court of Appeals for the Ninth Circuit ruled in favor of Mr.

15   Lanuza, reversing this Court's order declining to extend a *Bivens* remedy and affirming this

16   Court's order denying qualified immunity to Mr. Love. *Lanuza*, 899 F.3d at 1034. On April 29,

17   2019, Mr. Lanuza and Mr. Love moved to dismiss the *Bivens* claim as part of a settlement

18   agreement, Dkt. 128, and this Court subsequently ordered dismissal. Dkt. 130.

19        Ultimately, the Court also dismissed Mr. Lanuza's malicious prosecution claim, finding

20   that Love was not an "investigative or law enforcement officer" and that his fabrication of

21   evidence was therefore not actionable under the Federal Tort Claims Act (FTCA). Dkt. 148 at 9.

22   As with the time-barred claims, the Court did so after thoroughly analyzing Mr. Lanuza's

23

24

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

arguments. *Id.* at 5-9. And again, the Court did not explicitly state or imply that Mr. Lanuza's arguments were somehow unreasonable.

## ARGUMENT

### I.   The Court Should Reject the United States' Motion for Rule 11 Sanctions.

As noted above, Rule 11 is an extraordinary remedy "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs*, 859 F.2d at 1344. In conducting a Rule 11 inquiry, the rule "must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.* That is because "imposing sanctions unnecessarily" may "discourage the filing of good faith actions." *Id.* Moreover, application of sanctions can "imply that attorneys in general should exercise little, if any, creativity in their representation of clients." *Id.* Courts should therefore be careful to avoid such applications, as Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Id.* (quoting Advisory Committee Note to 1983 amends.); *see also id.* ("Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution."). The job of this court, then, is to "draw the line between creative lawyering and abuse of the judicial process." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988).

To determine whether Mr. Lanuza's arguments were frivolous, this Court must ask whether those filings were "*both* baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This inquiry is one of "objective reasonableness," *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992), and looks to whether the filing is "warranted by existing law or a good

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 5
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  faith argument for an extension, modification, or reversal of existing law," *Golden Eagle Distrib.*

2  *Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986).

3      Defendant argues that sanctions are appropriate because the undersigned counsel (1)

4  "failed to properly evaluate the timeliness of Plaintiff's purported [non-malicious prosecution]

5  FTCA claims" and (2) "failed to exercise due diligence in determining, before filing, whether a

6  malicious prosecution against the United States under the FTCA federal law enforcement proviso

7  could be based on the acts of a DHS – ICE Immigration Prosecuting Attorney as opposed to a

8  certified federal law enforcement officer." Dkt. 150 at 13-14 (emphasis omitted). Both

9  arguments are without merit.

10     First, with respect to the time-barred FTCA claims, the Court expressed appreciation for

11  the reasons that prevented Mr. Lanuza from previously filing his claims, finding his concerns to

12  be "reasonable." Dkt. 35 at 12. But more importantly, those claims were dismissed well before

13  the U.S. Attorney first threatened Rule 11 sanctions for future filings with respect to the

14  malicious prosecution claim. Dkt. 151-1. The failure to comply with Rule 11's safe-harbor

15  provisions is a well-established basis for denying a motion for sanctions. *See, e.g.*, *Holgate*, 425

16  F.3d at 679-80; *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001)

17  ("[T]he procedural requirements of Rule 11['s] 'safe harbor' are mandatory."). Indeed,

18  Defendant fails to make *any* argument whatsoever regarding why this clear rule should be

19  ignored, or why the assertion of these claims merits sanctions. Dkt. 150 at 13-14; *see also* Fed.

20  R. Civ. P. 11(c)(1). Nor did the Rule 11 notice letter the United States sent in 2015 even address

21  the time-barred claims. *See* Dkt. 132-34.

22     Second, Defendant also charges Mr. Lanuza's counsel with frivolously arguing that ICE

23  prosecutor Love acted as a law enforcement officer when fabricating the I-826. Dkt. 150 at 14.

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 6
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    Although this Court rejected Mr. Lanuza's arguments, they were not frivolous. *See Operating*

2    *Eng'rs*, 859 F.2d at 1344. To respond to Defendant's argument that Mr. Love was not a law

3    enforcement officer, Mr. Lanuza first distinguished *Millbrook v. United States*, 569 U.S. 50

4    (2013). He explained that *Millbrook* only rejected narrow interpretations of the law enforcement

5    proviso and made clear that the FTCA provides a remedy anytime law enforcement officers

6    commit a tort within the scope of their employment—not just when they are making arrests. Dkt.

7    140 at 4-9. That argument was "a good faith argument for the extension, modification, or

8    reversal of existing law," rooted in the extraordinary facts of this case. *Golden Eagle Distrib.*

9    *Corp.*, 801 F.2d at 1539.

10        Mr. Lanuza also supported his argument by analogizing to *Bivens* actions, where the

11   Ninth Circuit and the Supreme Court have denied prosecutors absolute immunity for fabricating

12   evidence "because the collection of evidence is an 'investigative function[] normally performed

13   by a detective or police officer.'" *Lanuza*, 899 F.3d at 1026 (alteration in original) (citation

14   omitted). That principle distinguishes this case from the ones that Defendant cites, as Mr. Lanuza

15   explained in prior arguments. Dkt. 140 at 7. In addition, Mr. Lanuza pointed to language in some

16   of the cases that Defendant cited suggesting that attorneys or even judges might be held liable

17   when they are *not* acting in their usual capacity—for example, when they *act* as a law

18   enforcement officer. *See Arnsberg v. United States*, 757 F.2d 971, 978 n.5 (9th Cir. 1985);

19   *Gonzalez v. United States*, No. CV-12-01912, 2013 WL 942363, at *4 (C.D. Cal. Mar. 11, 2013).

20   Finally, Mr. Lanuza pointed to the FTCA's legislative history and a Fourth Circuit case broadly

21   construing the FTCA to extend at least as far as *Bivens* actions to support his interpretation of the

22   statute. Dkt. 140 at 8. Again, Defendant does not bother to demonstrate why these arguments

23   reach the high bar of being found frivolous. Mr. Lanuza also pursued these arguments after

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 7
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1 similarly advancing a difficult *Bivens* claim—initially without success—and prevailing on appeal

2 in a precedential Ninth Circuit decision expanding such liability.

3     Moreover, Defendant's request ignores the context in which Mr. Lanuza continued to

4 pursue his FTCA claim. Just two weeks after the U.S. Attorney threatened sanctions for

5 continuing to pursue the malicious prosecution claim, the district court issued an order denying

6 the U.S. Attorney's pending motions to dismiss. Dkt. 86. Similarly, the U.S. Attorney ignores

7 that Mr. Lanzua and his counsel's decision to pursue this case is what prompted the

8 extraordinary federal criminal prosecution of an ICE attorney—and not any action taken on

9 Defendant's own initiative.

10     As noted, Defendant makes no effort to explain how Mr. Lanuza's good faith arguments

11 meet any of the standards for violating Rule 11. Instead, without any citation to authority or

12 discussion of precedent, the U.S. Attorney makes only the following statement: "Rule 11

13 sanctions must be awarded when a signed pleading, motion or other paper is not well grounded

14 in fact and warranted by existing law or a good faith argument for the extension, modification or

15 reversal of existing law. That is what occurred here." Dkt. 150 at 14-15. Such a conclusory

16 statement does not even come close to meeting the bar for imposing Rule 11 sanctions,

17 particularly when the Court has already affirmatively stated that "*it does not appear that*

18 *Plaintiff's complaint is facially frivolous or clearly without merit*." Dkt. 65 at 3 (emphasis

19 added). The Court should refuse to impose Rule 11 sanctions here.

20 **II.  The Court Should Require the United States Attorney to Pay Attorneys' Fees Required to Respond to this Unwarranted Motion for Sanctions.**

21     The Ninth Circuit, along with other courts, has cautioned litigants that "[s]anctions are an

22 extraordinary remedy. They will not be granted—*nor should they be sought—as a matter of*

23 *routine. Moreover, a party should not seek sanctions when, as in this case, its adversary's*

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 8
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  *position is clearly not frivolous.*" *Martel v. Cty. of Los Angeles*, 34 F.3d 731, 739 (9th Cir. 1994)

2  (internal citation omitted), *opinion withdrawn and superseded on reh'g in part*, 56 F.3d 993, 997

3  (9th Cir. 1995) (request for sanctions withdrawn on rehearing); *see also, e.g.*, *Zralka v. Tures*,

4  708 F. Supp. 948, 951 (N.D. Ill. 1989) ("Plaintiff is cautioned against casually requesting

5  sanctions. This court does not take lightly a motion for sanctions under Rule 11. The movant

6  may see the defendants' counsel as being overzealous, but the court views it as well within the

7  bounds of proper representation. While the Rule 11 sanction serves an important purpose, it is a

8  tool that must be used with utmost care and caution."). Here, however, the U.S. Attorney has

9  disregarded that guidance, and instead pursued vindictive sanctions whose only purpose appears

10 to be to disparage and harass Mr. Lanuza and his counsel. The Court should therefore award Mr.

11 Lanuza and his counsel fees for defending against Defendant's motion. *See* Fed. R. Civ. P.

12 11(c)(2).

13      As detailed above, the U.S. Attorney's motion contains no citations to Rule 11 authority,

14 no discussion of Rule 11 precedent, and no analysis of Rule 11 *at all*. It also fails to address this

15 Court's prior statement that Mr. Lanuza's claims are not frivolous or without merit, as well as the

16 Court's observation that Mr. Lanuza's explanation for not filing this case sooner was

17 "reasonable." Those statements completely undercut Defendant's argument for sanctions. The

18 Court observed that Mr. Lanuza's claims were not frivolous just over a month *before* the U.S.

19 Attorney sent his initial Rule 11 notice letter, when the case was in the exact same procedural

20 posture. At that point, Mr. Lanuza's non-malicious prosecution claims had already been

21 dismissed and only his malicious prosecution claim remained. *Compare* Dkt. 65 at 3 (Order

22 dated July 30, 2015) ("[I]t does not appear that Plaintiff's complaint is facially frivolous or

23 clearly without merit.") *with* Dkt. 132-34 (Rule 11 notice email dated September 8, 2015). In

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 9
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    other words, the US Attorney knew that the Court did not consider Mr. Lanuza's arguments

2    frivolous or without merit both (i) when it sent its initial Rule 11 notice letter and (ii) when it

3    filed its motion for sanctions.

4           The United States' prior actions in this case further support the conclusion that the United

5    States filed its motion for sanctions in a vindictive manner and without consideration of the plain

6    language of the rule, much less the case law discussing the applicable standards. As noted, one of

7    the grounds on which the United States seeks sanctions is that the undersigned counsel allegedly

8    "failed to properly evaluate the timeliness of Plaintiff's purported [non-mailicous prosecution]

9    FTCA claims." Dkt. 150 at 13. But the United States never followed the proper notice procedure

10   to seek sanctions for these claims—the Rule 11 notice letter the United States sent only

11   addresses the malicious prosecution claim. *See* Dkt. 132-34; *see also Holgate*, 425 F.3d at 679-

12   80. Indeed, the time-barred claims *had already been dismissed from the case* at the time the

13   United States sent its Rule 11 notice letter. *Compare* Dkt. 35 (order dismissing non-malicious

14   prosecution claims dated March 20, 2015) *with* Dkt. 132-34 (Rule 11 notice email dated

15   September 8, 2015).

16          The United States' motion for sanctions also contains numerous pages of facts about Mr.

17   Lanuza's criminal and immigration history—facts that this Court has repeatedly declared to be

18   "repetitive and irrelevant." *See* Dkt. 130 at 1; Dkt. 148 at 1 n.2. The recitation of these wholly

19   irrelevant facts serves no purpose other than to disparage and harass Mr. Lanuza. For example,

20   the first several pages of Defendant's motion purports to summarize Mr. Lanuza's criminal and

21   immigration history. But Defendant offers no theory for why Mr. Lanuza's prior entries to the

22   United States are relevant to its Rule 11 motion and makes no attempt to apply these facts in its

23   single paragraph of argument. *See* Dkt. 150 at 13-14. Indeed, these facts are entirely irrelevant to

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 10
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   the question of Mr. Love's fraud, much less a motion for Rule 11 sanctions related to theories of

2   liability for that fraud.

3          Even less relevant is Mr. Lanuza's DUI offense: Plaintiff's counsel is at a loss to explain

4   Defendant's counsel's repeated insistence in disparaging Mr. Lanuza with this unquestionably

5   irrelevant information in filing after filing. *See* Dkt. 124-1 at 5-6; Dkt. 134-8; Dkt. 134-9; Dkt.

6   141 at 6; Dkt. 145 at 3; Dkt. 147 at 2-3; Dkt. 150 at 4. Nor is Mr. Lanuza's encounter with

7   Seattle police officers in 2008 pertinent to this motion, which is at best tangentially related to this

8   case. *See* Dkt. 131 at 2. Defendant's counsel instead uses all of these facts to mistakenly call into

9   question Mr. Lanuza's legal status in this country, as he has done time and time again. *See, e.g.*,

10  Dkt. 124-1 at 8-9; Dkt. 141 at 9; 12-14, 26 & n.15; Dkt. 150 at 6-10.

11         Beyond that, the U.S. Attorney repeatedly asserts that Mr. Lanuza was ultimately not

12  statutorily eligible for cancellation of removal and adjustment of status. Defendant supports that

13  erroneous and irrelevant argument by again making the same patently false allegation: that a

14  Form I-826 exists from the early 2000s that shows Mr. Lanuza should not be a legal permanent

15  resident. Dkt. 150 at 3 ("Plaintiff once again agreed to sign an I-form (i.e., I-826; Ex. 502).").

16  Had Mr. Lanuza signed such a form he would not have been eligible for relief. But Mr. Lanuza

17  never signed an I-826 form until he was arrested in 2008—and that form was used to create the

18  forged I-826 used by Love to attempt to have Mr. Lanuza removed from the United States. In the

19  United States' own words: "the form I-826 utilized in the removal proceedings was falsified."

20  Dkt. 37 ¶ 16. The U.S. Attorney's "factual contention" that nevertheless another I-826 does exist

21  is not a simple mistake. Defendant has repeatedly made this false allegation throughout the

22  course of this litigation, *see, e.g.*, Dkt. 136 at 2-3, 5; Dkt. 141 at 2-4, 9, 11-14; Dkt. 145 at 1, 3, 5,

23  and Mr. Lanuza has repeatedly explained its obvious falsity, *see, e.g.*, Dkt. 140 at 1, 3; Dkt. 144

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 11
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

at 4-5. There is simply no excuse for the United States to continue to maintain that Mr. Lanuza previously signed an I-826 form. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (attorneys have "a duty prior to filing . . . to conduct a reasonable factual investigation" regarding their "factual contentions," *see* Fed. R. Civ. P. 11(b)(3) in a "written motion," *see id.* 11(b)).

It also appears that Defendant actually wrote its motion for sanctions some time ago, before the case was dismissed in its favor, as it remarks that "[i]t is hoped the additional discovery costs – expenses can be avoided with the success of this motion." Dkt. 150 at 11 n.5. Obviously there can be no further discovery costs after the case has been dismissed. Perhaps the fact that Defendant's motion was written months or even years ago explains the inclusion of irrelevant and false facts.

The United States' casual request for sanctions—flaunting the Federal Rules of Procedure, the Court's earlier statements in this case, and the Ninth Circuit's guidance—follows a pattern of filings in this case that is, at best, careless, and at worst, harassing. The Court has repeatedly rebuked the U.S. Attorney in this case:

- after filing multiple motions to dismiss on discrete issues without seeking leave of Court in contravention of Local Rule 7(e). *See* Dkt. 50 (Order Striking Defendant's Dispositive Motions)

- for seeking a stay of discovery based on "arguments that arguably could have been raised in its first motion to dismiss." Dkt. 65 at 3 (Order Denying Defendant United States' Motion for Protective Order Staying Discovery)

- for making legal arguments without citation to the appropriate standard or analysis under that standard. Dkt. 69 at 2 (Order Denying Motion for Reconsideration) ("Defendant

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 12
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

United States fails to cite this standard [for reconsideration] or to provide a proper reason for reconsideration.")

- for making and attempting to repeatedly make the same arguments. *E.g.*, Dkt. 80 at 1 (Order Denying Motion for Leave to File Contemporaneous Dispositive Motion) ("[I]t appears that in the proposed fourth motion Defendant United States makes many of the same arguments made in its pending motions to dismiss."); Dkt. 69 at 2; Dkt. 86 at 3.

- for attempting to introduce a statement of facts containing "lengthy and detailed sections devoted to matters that are repetitious and irrelevant." Dkt. 130 at 1 (Order Denying the United States Request to File Separate Statement of Jurisdictional Facts); *see also* Dkt. 148 at 1 n.2 (refusing to consider irrelevant evidence that Defendant United States submitted)

Defendant's motion for sanctions marks the culmination of this continued pattern of behavior. Indeed, in its motion, the U.S. Attorney states that he "recently invited Plaintiff – Counsel to discuss trying to reach an amicable, less litigious resolution of this motion." Dkt. 150 at 1-2. This is an interesting gloss on the U.S. Attorney's actions: the U.S. Attorney sent an email the afternoon of Friday August 16 (four days before filing the motion for sanctions) demanding an immediate $25,000 payment in exchange for not pursuing sanctions. In doing so, Defendant made numerous statements that could be considered, again, careless at best and harassing at worst. The entirety of that email is attached hereto as Exhibit A to Mr. Adams's declaration.[1]

That the U.S. Attorney would act as he has in this case is particularly troubling given how this case came about. At the heart of this case is Defendant's own attorney, who forged a

---

[1] Mr. Lanuza submits Defendant's most recent Rule 11 letter as evidence of the U.S. Attorney's efforts to harass and mislead. *See* Fed. R. Evid. 408(b).

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 13
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

document depriving Mr. Lanuza of his constitutional rights. Defendant did nothing about this deprivation of rights until Mr. Lanuza brought this case. As the Ninth Circuit has observed in this very case, "[g]overnment attorneys are given great power, and with that power comes great responsibility." *Lanuza*, 899 F.3d at 1034. By harassing and disparaging Mr. Lanuza and his counsel, despite the legitimate and uncontested civil rights violation that occurred here, the U.S. Attorney has failed to act in accordance with this "great responsibility." *Id.*

Because there is no legitimate basis for the Rule 11 sanctions that the U.S. Attorney requests, and because the U.S. Attorney brought its motion for an "improper purpose, such as to harass" Mr. Lanuza and his counsel, the Court should award Mr. Lanuza with "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(b)(1), (c)(2); *see also* Fed. R. Civ. P. 11 Advisory Comm. Note to 1993 amends. ("[T]the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) ("[M]issuing judicial procedures as a weapon for personal . . . harassment" provides a basis to issue sanctions. (citation omitted)).

### III.    The Court Should Also Deny the United States' Request for Costs.

Defendant's sanctions motion also includes a paragraph asking for costs under Rule 54. Fittingly, that paragraph violates both the Federal Rules of Civil Procedure and yet another local rule, which prohibit moving for attorney's fees, sanctions, and costs all in the same motion. *See* Fed. R. Civ. P. 11(c)(2); LCR 54(d)(5). In any case, an award of costs is unwarranted here given the United States' behavior outlined above. *Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (district court may decline to award costs due to Defendant's misconduct). Further, courts should decline to award costs where, as here, the plaintiff is indigent and where the award would create a "chilling effect of imposing high costs

on future civil rights litigants." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also* Lanuza Decl. ¶¶ 2-8; Dkt. 133 ¶¶ 31-32 (noting that Mr. Lanuza remains in debt because of Mr. Love's fraud in his immigration case, and that he was unable to save money because he had to pay attorney's fees during his removal proceedings). Should the Court be inclined to award costs under Rule 54, Mr. Lanuza respectfully requests that the Court grant him leave to specifically respond to Defendant's list of costs in Dkt. 151.

## CONCLUSION

For the foregoing reasons, Mr. Lanuza respectfully requests that this Court deny Defendant's motion, award him expenses and attorney's fees for defending against this motion, and issue any other relief the Court thinks is appropriate.

Respectfully submitted this 10th day of September, 2019.

s/ Matt Adams
Matt Adams

s/ Aaron Korthuis
Aaron Korthuis

s/ Stephanie Martinez
Stephanie Martinez

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave. Suite 400
Seattle, WA 98104
Tel: (206) 957-8611
matt@nwirp.org
aaron@nwirp.org
stephanie@nwirp.org

s/ Chris Schenck
Chris Schenck

5507 12th Ave NE
Seattle, WA 98105
Tel: (206) 549-5964
chris.schenck@gmail.com

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 15
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on September 10, 2019, I electronically filed the foregoing and the

3    attached proposed order with the Clerk of the Court using the CM/ECF system which will send

4    notification of such filing to the following:

5          Timothy M. Durkin:          USAWAE.TDurkinECF@usdoj.gov
                                         CaseView.ECF@usdoj.gov
6                                        Tim.Durkin@usdoj.gov
                                         kendall.curtis@usdoj.gov
7                                        mary.f.buhl@usdoj.gov

8    And I hereby certify that I have mailed by United States Postal Service the document to the

9    following non CM/ECF participants:

10         None.

11

12   Dated: September 10, 2019                    s/ Aaron Korthuis
                                                  615 Second Ave. Suite 400
13                                                Seattle, WA 98104
                                                  Tel: (206) 816-3872
14                                                aaron@nwirp.org

15

16

17

18

19

20

21

22

23

24

PL.'S RESP. TO DEF.'S MOT.
FOR COSTS AND FEES – 16
Case No. 2:14-cv-01641-BJR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611