*The Honorable Judge Barbara J. Rothstein*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IGNACIO LANUZA,<br><br>    Plaintiff,<br><br>vs.<br><br>JONATHAN LOVE, and<br>UNITED STATES OF AMERICA,<br><br>    Defendants. | **Case No. 2:14-cv-01641-BJR**<br><br>**Reply Declaration of Timothy M. Durkin, Assistant U.S. Attorney / Special Counsel re: United States' Request for Recoverable Fees & Costs** |

I, Timothy M. Durkin, Assistant U.S. Attorney (EDWA), declare and state under the penalty of perjury under the laws of the United States (28 U.S.C. § 1746) that the following information is true and correct to the best of my knowledge, information and belief:

I am above the age of 18, am not a party hereto, and am competent to testify to the matters stated herein, which are believe to be based on personal knowledge and/or the review of information or records known to me in this litigation and/or which were produced and/or provided through discovery disclosures, responses, records subpoenas, depositions and/or other records requests connected with the parties' litigation; and which declarations, deposition transcripts – excerpts, public records, and other produced records and/or electronic material, and/or referenced judicially noticeable materials, should be allowed and considered admissible evidence at the time of proffer, hearing or trial, or as authorized by the Federal Rules of Evidence, including but not limited to Fed. R. Evid. 201, 601, 602, 902; *e.g.,* the Court may take notice and accept "any facts … not subject to reasonable dispute since … the accuracy of which cannot be reasonably challenged." Fed. R. Evid. 201(b)(2), 902; *Mathews v. NFL Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007):

Reply Declaration of Timothy M. Durkin re:  Costs & Fees   –   page 1

1. I am an Assistant United States Attorney for the Eastern District of Washington and the sole attorneys for the Defendant United States in this action wherein the Plaintiff Mr. Lanuza, through his attorneys Matt Adams, NWIRP, et al., prosecuted a ***$500,000 claim*** for damages under the Federal Tort Claims Act (FTCA) against the United States for an alleged *malicious prosecution* of the Plaintiff for pursuing Immigration Court removal – deportation proceedings in 2008, when Plaintiff was then an illegal alien, unlawfully present in the United States; .

2. I was assigned the defense of this *conflict* case since the USAO – WDWA had a conflict since they were directing U.S. Department of Homeland Security's (DHS) Office of Professional Responsibility's (OPR) criminal investigation of former ICE Office of Chief Counsel, Assistant Chief Counsel (attorney) Jonathon Love's reported alteration of an Immigration 826 Form (I-826) for the purpose of creating I-826 forms that were missing from Mr. Lanuza's Alien File (A-file) maintained by the U.S. Department of Immigrations and Customs Enforcement (ICE).

3. AUSAs administratively track their work hours on cases. From late 2014 through September 29, 2015, I spent decidedly more than 400+ hours reviewing – defending Plaintiff' Lanuza's and his counsel's FTCA claims, in responding to Plaintiffs' multiple and varied discovery demands, traveling to / from Seattle (WDWA), research / writing, preparing / drafting legal motions and declarations, and other case materials and exhibits; interviewing – meeting witnesses and client representatives; exchanging substantial email exchanges with Plaintiff's then five (5) difference counsel;

4. On multiple occasions I informed Plaintiff's counsel that Mr. Love did not qualify as a federal law enforcement officer under the FTCA's *federal law enforcement proviso* at 28 U.S.C. § 2680(h), which does not allow malicious prosecution claims against federal attorneys (i.e., ICE – ACC, SUSAs). I also explained that Plaintiff's / counsel's continued prosecution of Plaintiff's groundless legal / factual claim against the United States was frivolous and violated Rule 11. Notwithstanding these notices, Plaintiff's counsel continued to engage in very aggressive discovery demands, including multiple sets of discovery and depositions, as well as very aggressive briefing.

5. Plaintiff's counsel has asserted that the seeking / awarding of sanctions is an extreme remedy. Notably, Plaintiff's counsel were the first to request fees in the action, seeking fees against the undersigned pursuant to 28 U.S.C. § 1927 after the United States filed a motion for leave / permission by Judge Marsha Pechman to file a Motion for Summary Judgment before the discover cut-off occurred. *Dkt.*

Reply Declaration of Timothy M. Durkin re:  Costs & Fees   –   page 2

6. Since September 30, 2015 through December 31, 2018, I have recorded more than 300 hours working on the defense of this case.

7. Since January 1, 2019, through the present, I estimate that I have spent more than 300 hours in the defense of Plaintiff's / Counsel's frivolous claim;  According to DOJ's formula for calculating hourly AUSA rates, my hourly attorney fee rate is approximately $200/00/hr.

8. The United States also incurred approximately $5,300 in taxable costs. *Dkt. 151 (Durkin Decl. re Costs).*

9. I previously informed Plaintiff's counsel that the United States incurred fees – costs in the defense of Plaintiff's / counsel's frivolous suit could exceed $100,000. *Dkt. 153-1, Ex. A (AUSA Durkin Rule 408 Transmittal – Email Inviting Discussion re:  Compromise of U.S.'s Motion for Fees – Costs;*

10. Plaintiff's submitted a Declaration of Mr. Lanuza describing his self-reported income, expenses, assets as an employed construction worker in the Seattle metro area. *Dkt. 154.*  There is no reference to Mr. Lanuza's obligation to pay for all of the litigation costs his attorneys incurred in their expensive, unsuccessful pursuit of their frivolous $500,000 tort claim against the United States.

11. The U.S. Department of Justice (USAO – WDWA) did recover from Mr. Love **$12,000** in what was the agreed upon restitution amount to cover Plaintiff's incurred immigration court fees.  This amount was agreed upon by Mr. Love and the USAO (WDWA), upon consultation with Mandatory Victim Restitution Act; No distinction was made for the attorney's fees Plaintiff would incurred during the lawful prosecution of his removal – deportation proceedings;

12. Attached as Ex. 506, is an email to Mr. Dario Machleidt, former counsel for Plaintiff, confirming the U.S. DOJ's waiver of Rule 11 fees / costs against him and his firm if no further court filings were made in this action.

RESPECTFULLY SUBMITTED this 24th day of September 2019.

*William D. Hyslop*
United States Attorney (EDWA)

s/ ***Tim M. Durkin***
Timothy M. Durkin, AUSA
Special Counsel for U.S. Attorney General

Reply Declaration of Timothy M. Durkin re:  Costs & Fees  –  page 3

### Certificate of ECF Service

I hereby certify that on the date that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System that the Court's ECF system will send notification of such filing to the following, and/or I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participant(s):

**Counsel for the Plaintiff:**  Matt Adams, matt@nwirp.org;
Christopher Schenck, chris.schenck@gmail.com;
Stephanie Martinez, stephanie@nwirp.org;
Aaron Korthius, aaron@nwirp.org.

Defendant *Pro Se*   Jonathan Love, Jonathanlove786@gmail.com.

And to the following non-ECF party:  N/A

s/ *Tim M. Durkin*
Timothy M. Durkin, AUSA

Reply Declaration of Timothy M. Durkin re:  Costs & Fees  –  page 4