UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IGNACIO LANUZA, | CASE NO. 2:14-cv-01641-BJR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I. INTRODUCTION

This Court previously dismissed Plaintiff Lanuza's claim for malicious prosecution under the Federal Tort Claims Act ("FTCA") and entered judgment accordingly. *See* ECF Nos. 148, 149. Now before the Court is Defendant United States' Motion for Rule 11 Sanctions (ECF No. 156) and Motion for Rule 54 Costs (ECF No. 155-2).[1] Also before the Court is Plaintiff Lanuza's opposition to Defendant's motion and Plaintiff's own motion for costs and fees incurred in responding to the Rule 11 motion (ECF No. 152).

## II. BACKGROUND

Plaintiff Lanuza is presently a lawful permanent resident married to a U.S. citizen with two U.S. citizen children. He lives and works in Seattle. In 2008 he encountered an Immigration and

---

[1] The Court accepts these two praecipe filings as substitutes for the United States' initial motion, ECF No. 150, which erroneously included a motion for costs with a motion for sanctions in contravention of Fed. R. Civ. P. 11(c)(2). That rule requires that a motion for sanctions stands alone.

Customs Enforcement ("ICE") official who believed that Lanuza was not present in the country legally. ICE then initiated immigration removal proceedings against him.

On May 6, 2009, Lanuza appeared before an immigration judge ("IJ") and applied for cancellation of removal, which required a ten-year uninterrupted presence in this country. During this hearing, an attorney for ICE representing the government, Jonathan Love, stated that Lanuza's immigration file contained an I-826 Form that was signed by Lanuza in 2000, accepting voluntary departure to Mexico. The next week Attorney Love submitted to the court an I-826 Form purportedly signed by Lanuza on January 13, 2000.

The I-826 Form was critical in determining whether Lanuza would be able to remain in the United States because a valid I-826 Form from January 13, 2000 would render him ineligible for cancellation of removal as it would have established an interruption of the required ten years of continuous presence.

On January 5, 2010, the IJ found Lanuza ineligible for cancellation of removal and ordered him removed from the United States. The IJ's decision that Lanuza was not eligible for cancellation of removal was based on the I-826 Form. Lanuza appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the Department of Homeland Security ("DHS," the agency overseeing ICE) defended its position at the BIA. The BIA upheld the IJ's decision, which was based solely on the January 2000 I-826, and ordered him removed to Mexico.

In December 2011, Lanuza's new counsel, Mr. Hilary Han, reviewed the agency file and discovered irregularities in the I-826 Form. Han then ordered a forensic examination, which revealed that the Form had been falsified. Most glaringly, in its heading the Form referred to the "U.S. Department of Homeland Security," an agency that was not yet created when the Form was purportedly signed on January 13, 2000.

Lanuza filed a motion to reopen his removal proceedings before the BIA on February 11, 2012. The BIA granted Lanuza's motion and remanded his case for a full evidentiary hearing on April 20, 2012, citing the "seriousness and particularity of the allegations" raised by Lanuza. On remand, DHS did not contest his eligibility for cancellation of removal, and on January 9, 2014 the IJ granted the application, adjusting Lanuza's status to lawful permanent resident.

On February 13, 2014, Lanuza filed a $500,000 tort claim against the United States, Dkt. No. 1-6 at 2, which was administratively denied. Lanuza then commenced this action on October 23, 2014 against Defendants Love and the United States. The complaint (Dkt. No. 1) lists five claims under the FTCA: abuse of process, malicious prosecution, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. The complaint also alleges that Love violated Lanuza's substantive and procedural due process rights under the Fifth Amendment to the Constitution under a *Bivens* theory of liability. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On March 20, 2015, Judge Pechman[2] dismissed Lanuza's *Bivens* claim and four of the FTCA claims that were time-barred by the statute of limitations. Dkt. No. 35 at 13. The malicious prosecution claim was the only FTCA claim to remain.

On September 8, 2015, the United States sent an email to Lanuza's counsel that the United States would seek Rule 11 sanctions if Lanuza continued with what the United States called a "frivolous" FTCA malicious prosecution claim. *See* ECF No. 153-1 at 12-13.

On January 13, 2016, the U.S. Attorney's Office in Seattle filed a single-count indictment against Love for deprivation of Lanuza's civil rights in violation of 18 U.S.C. § 242. The

---

[2] The district court judge was Judge Marsha J. Pechman until the case was reassigned to the undersigned on September 1, 2016. Dkt. No. 104.

indictment alleged that between July 3, 2008 and May 11, 2009, Love made fraudulent alterations to the Form I-826, and then on May 11, 2009 submitted the fraudulent and forged Form into evidence during Lanuza's proceedings. Love pleaded guilty. *United States* v. *Love*, No. 16-CR-0005-BAT (W.D. Wash. April 20, 2016). At all relevant times Love was an Assistant Chief Counsel for ICE. *Id.*[3]

Lanuza appealed the dismissal of the *Bivens* claim to the Ninth Circuit while the FTCA malicious prosecution claim remained stayed at the district court. The Court of Appeals reversed the dismissal, extending a *Bivens* remedy to Lanuza, and remanded. *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018). While the *Bivens* appeal was pending, on September 1, 2016 the district court case was transferred to this Court. After remand, Lanuza and Love reached a settlement agreement over the *Bivens* claim and moved to dismiss that claim, which motion this Court granted. *See* ECF Nos. 128, 130.

The dismissal of the *Bivens* claim left the FTCA malicious prosecution claim as the remaining claim, and the United States as the remaining defendant. On August 6, 2019, this Court granted the United States' motion to dismiss the malicious prosecution claim and entered judgment accordingly. *See* ECF Nos. 148, 149. The Court concluded that while Love was engaged in an investigative act when he committed his crime, as an ICE counsel he did not possess the requisite authority as "an investigative or law enforcement officer" as required for an FTCA malicious prosecution claim.

On August 20, 2019, the United States moved for Rule 11 sanctions and Rule 54 costs. The issue is now fully briefed and ripe for the Court's consideration.

---

[3] Love was sentenced to 30 days in prison, one year of supervised release, 100 hours of community service, $12,000 in restitution to Lanuza (for attorneys' fees), and resignation from all state bar memberships for at least 10 years.

## III. DISCUSSION

**A. The United States' Motion for Rule 11 Sanctions**

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). A party that presents to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" may be subject to Rule 11 sanctions. Fed. R. Civ. P. 11(b)(2). The moving party must comply with Rule 11's "safe harbor" provision, which requires giving the opposing party 21 days first to "withdraw or otherwise correct" the offending conduct; any conduct before the "safe harbor" notice is not subject to Rule 11. *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). If Rule 11(b) is violated, the district court may in its discretion impose an appropriate sanction. *See* Fed. R. Civ. P. 11(c); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

In moving for Rule 11 sanctions, the United States argues that "Plaintiff's counsel were misguided in their overly zealous pursuit of Plaintiff's futile [FTCA malicious prosecution] claim." The United States asserts that their September 8, 2015 email provided Lanuza and his counsel with "safe harbor" notice about Rule 11 sanctions regarding the FTCA malicious prosecution claim, and that the Court should sanction Plaintiff for all docket entries and case activity occurring 21 days after that letter for maintaining a frivolous claim. The motion also complains that Plaintiff engaged in excessive discovery and failed to exercise proper diligence in bringing four other FTCA claims that were ultimately ruled to be time-barred by the statute of limitations.

Lanuza's complaint was not frivolous. This Court has previously so stated, noting that "[w]hile Defendant United States' motions to dismiss may be viable, it does not appear that

Plaintiff's complaint is facially frivolous or clearly without merit." Mem. Opinion, ECF No. 65 at 3. Judge Pechman found that the FTCA malicious prosecution claim met the plausibility threshold during the first two rounds of motions to dismiss brought by the United States. *See* ECF Nos. 35, 86 (opinions by Judge Pechman denying the United States' motions to dismiss). Furthermore, through the discovery phase it was possible that facts could have emerged that would have sustained the claim, such as that someone in addition to Attorney Love was responsible for forging Lanuza's immigration form, or that Love was somehow vested with the requisite investigative or law enforcement authority when he committed his crime. It was not until the post-discovery round of briefing that these possibilities were foreclosed and the claim dismissed. *See* Mem. Opinion, Dkt. No. 148.

Even though the malicious prosecution claim was ultimately dismissed, Lanuza had the right to advance a "non-frivolous argument for extending, modifying, or reversing existing law." *See* Fed. R. Civ. P. 11(b)(2). Indeed, Lanuza had already succeeded in extending and modifying existing law on his *Bivens* claim when the Ninth Circuit held that "if the principles animating *Bivens* stand at all, they must provide a remedy on these narrow and egregious facts." *Lanuza v. Love*, 899 F.3d 1019, 1021 (9th Cir. 2018). While this Court ultimately rejected Lanuza's arguments to treat his FTCA malicious prosecution claim similarly to his successful *Bivens* claim, the Court does not question Plaintiff's sincerity in pursuing these arguments, and does not consider them to be frivolous.

The United States' motion is overbroad. It tries to cast its net over "every pleading" filed with the Court over a nearly four-year period. *See* United States' Mot., ECF No. 156 at 14. While the Court might be sympathetic to the United States' argument that Lanuza engaged in excessive discovery, this is outside the ambit of Rule 11. *See* Fed. R. Civ. P. 11(d) ("[Rule 11] does not

apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). Also, the United States' argument about Plaintiff's lack of diligence in bringing four FTCA claims that were not timely under the statute of limitations is similarly irrelevant and beyond the accepted scope of Rule 11, since those claims had already been dismissed by the time the United States gave its Rule 11 "safe harbor" notice in September 2015.

The United States' motion continued a practice that this Court has repeatedly rejected of extensively chronicling irrelevant matters that serve no purpose other than to disparage and embarrass Lanuza. It is not lost on the Court that Lanuza was a victim of a crime committed by an attorney for the United States, and that another attorney for the United States then took up the defense of Lanuza's civil case in a manner that can bordered on the overzealous.[4] The Court will thus deny the motion.

---

[4] The Court received further confirmation of its view that the attorney for the United States acted out of personal animus in reviewing an email that he sent to Plaintiffs following this Court's order granting dismissal of the remaining malicious prosecution claim. The email states in part:

> Please be advised that in the event the United States' modest $25,000 demand to settle its post-judgment motion for costs / fees is rejected or denied by Plaintiff or his present / past counsel, the United States' costs motion will contain a full description of Plaintiff's meritless claim history; counsel's invasive / disproportionate discovery demands; abusive conduct during depositions of innocent / uninvolved DHS Officers – ICE Counsel; and will outline meritless – misleading claims made to the District Court and on appeal, all with the intention of supporting Plaintiff's meritless malicious prosecution claim against the United States.
>
> The United States will ask the District Court to appoint separate, completely independent counsel for Mr. Lanuza for the purpose of reviewing and representing his personal interests in the motion in light of the perceived, actual and/or potential *conflict* his current/past counsel have concerning Mr. Lanuza's accrued right to assert / seek a professional negligence – reckless legal representation claim – lawsuit against past / present counsel, specifically for but not limited to: i) Past / present counsel's failure to comply with the statute of limitations on Plaintiff's four (4) other FTCA claims, which claims were previously dismissed by the District Court for being untimely; and ii) Past / present counsel pushing Plaintiff to pursue and continuing to pursue a malicious prosecution claim which the District Court summarily rejected as *lacking merit under clearly established law. See attached Order Granting Dismissal – Dkt. No. 148.*
>
> On this latter point, it may very well be that Mr. Lanuza's newly appointed counsel may agree that you and your co-counsel's pre-dispositive motion settlement demand of $150,000 is eminently reasonable for the purpose of resolving Mr. Lanuza's professional malpractice *case - within - the - case* claim he possesses. Mr. Lanuza's counsel may also seek additional damages for the alleged

7

### B. Lanuza's Motion for Expenses and Attorneys' Fees Incurred Responding to the United States' Rule 11 Motion

Having denied the United States' Rule 11 motion, the Court next considers Lanuza's motion to award expenses incurred in responding to the United States' motion. A district court may, in its discretion, award to the prevailing party the reasonable expenses, including attorney's fees, incurred during a motion for sanctions. Fed. R. Civ. P. 11(c)(2). Such a request can be brought against the United States. *See Mattingly v. United States*, 939 F.2d 816 (9th Cir. 1991) ("[W]hen the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant. ... [T]here is no justification for exempting the United States government from Rule 11 on the ground of sovereign immunity."). After reviewing the history of this case the Court is persuaded that Plaintiff's counsel along with Defendant's counsel at times lost perspective during the several contentious rounds of litigation, and that the interest of justice is to close the case with each side bearing its own costs. The Court therefore declines to exercise its discretion to award attorney's fees or expenses against Defendant for filing the instant motion.

### C. The United States' Motion for Rule 54 Costs

The United States moves to recover costs under Fed. R. Civ. P. 54 for, *inter alia*, deposition transcripts, a Ninth Circuit transcript, and government travel vouchers. *See* ECF Nos. 151, 151-1, 155-3.[5] Costs other than attorney's fees should normally be allowed to the prevailing party in the

---

    *stress* and *anxiety* you previously claimed / alleged he incurred as a result of the immigration / FTCA litigation.

Email from Tim M. Durkin, Aug. 16, 2019, ECF No. 153-1 at 2-3 (emphasis in original).

[5] It is unclear from the United States' filings how it categorized its fees and costs and whether they are brought under their Rule 11 or Rule 54 motions. This ambiguity is of no moment, however, since the Court denies all of the United States' requests for fees, costs, and sanctions.

ordinary case. *See* Fed. R. Civ. P. 54(d)(1); *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc). However, district courts have discretion to refuse to award costs. *See National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995). This discretion to deny costs is not unlimited; a district court must specify reasons for a denial. *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

The Court will deny the motion for the following reasons. Lanuza presented evidence of his very modest financial resources, including continuing debts related to his immigration case. ECF No. 154. Some of these debts would not have been incurred but for the criminal act of Defendant's employee. There is a vast disparity in economic resources between Lanuza and the United States, and the Ninth Circuit permits district courts to deny costs when, as here, the losing party has limited financial resources. *See Association of Mexican-American Educators*, 231 F.3d at 592; *National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982). As discussed above, the Court finds that the United States' post-trial motions were brought in part to try to punish Lanuza and his counsel, and the Court will not authorize the use of Rule 54 for such a purpose. Lanuza's case, although ultimately unsuccessful on each of the FTCA claims, had some merit and resulted in the Ninth Circuit expanding the scope of *Bivens* liability. This result of partial success provides as an additional reason why the Court will deny costs: the Court cannot discern, and the United States as movant does not propose, a realistic way to disentangle costs associated with the *Bivens* outcome (where Lanuza prevailed) from costs associated with the FTCA outcome (where the United States prevailed).

## IV. CONCLUSION

The Court orders as follows:

1. The United States' motion for sanctions pursuant to Fed. R. Civ. P. 11 (ECF No. 156) is DENIED;

2. Plaintiff's motion for expenses and attorney's fees (ECF No. 152) incurred responding to the United States' Fed. R. Civ. P. 11 motion is DENIED;

3. The United States' motion for costs under Fed. R. Civ. P. 54 (ECF No. 155-2) is DENIED.

SO ORDERED.

DATED this 29th day of October, 2019.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE